Timothy Lewis Whiting
P.O. Box 2456
Indio, CA 92201
Email: tw92240@hotmail.com

In Pro Se

FILED
CLERK, U.S. DISTRICT COURT

MAR - 3 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy Lewis Whiting, | Case No.  EDCV 13-250-BRO (CW) |
| Plaintiff, | **PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:** |
| vs. | |
| CITY OF CATHEDRAL CITY, California, a municipality; STANLEY HENRY, former Chief of Police, in his individual capacity as a peace officer with the Cathedral City Police Department; EARL MOSS, badge# 8908, administrative lieutenant, in his individual capacity as peace officer with the Cathedral City Police Department; CORWIN DEVEAS, badge# 9703, in his individual capacity as peace officer with the Cathedral City Police Department; PAUL HERRERA, badge# 9408, in his individual capacity as peace officer with the Cathedral City Police Department; JAMES VAN GORDER, badge# 2510, in his individual capacity as peace officer with the Cathedral City Police Department; and SANDRA R. HATFIELD, communications dispatch supervisor, in her individual capacity as an unsworn employee with the Cathedral City Police Department; and DOES 1-10 , | 1.  42 U.S.C. § 1983 – First Amendment Free Speech – Retaliation; Supervisor Liability; Municipal Liability; Failure to Train; Negligent Hiring; Due Process Clause of the Fourteenth Amendment; |
| | 2.  Cal. Civil Code §§ 44, 45 – Defamation per se (Libel); |
| | 3.  Abuse of Process; |
| | 4.  Fraud & Deceit; |
| | 5.  Negligence; |
| Defendants. | 6.  Intentional Infliction of Emotional Distress; |
| | **UNLIMITED CIVIL CASE** |
| | **DEMAND FOR JURY TRIAL** |

## **TABLE OF CONTENTS**

page

INTRODUCTION                                              2

JURISDICTION AND VENUE                                    5

GOVERNMENT CLAIMS ACT COMPLIANCE                          5

EQUITABLE TOLLING AND FRAUDULENT CONCEALMENT              6

FACTUAL ALLEGATIONS COMMON
TO ALL CAUSES OF ACTION                                   7

JURY TRIAL DEMAND                                         32

PRAYER FOR RELIEF                                         32

PLAINTIFF'S VERIFICATION                                  33

1    COMES NOW the Plaintiff, Timothy Lewis Whiting, in this verified complaint, that

2    relates back to the original complaint, hereby complains and alleges upon personal knowledge

3    and belief as his own acts and on information and belief as to actions of others, as follows:

## I.    INTRODUCTION

5    1.    This case should have been settled long ago based on email exchanges between

6    plaintiff and Cathedral City Attorney Joe McMillin (McMillin) who was initially assigned to

7    handle this here case. But for unknown reasons the case was stripped away from the 37-year

8    veteran attorney who previously had settled with plaintiff on another case. During our email

9    exchanges, McMillin (speaking on behalf of the City of Cathedral City and its employees) stated

10   "In reading the complaint, it appears that we might be able to satisfy you without further

     litigation." **(See Exhibit A, titled "Suit against Cathedral City")**

11   2.    On January 08, 2013, Deputy Public Defender Laura C. Garcia (Miss Garcia) sent

12   plaintiff an email after locating one of plaintiff's complaints against the Cathedral City Police

13   Department (CCPD). Miss Garcia was curious because she noticed that plaintiff had filed several

14   citizen complaints with CCPD in 2008-2009. Miss Garcia was further curious for the reason that

15   she was handling a client's case involving CCPD police officers. When she contacted CCPD

16   about whether complaints existed as to certain officers CCPD replied by telling her "no such

17   complaints existed" but she discovered that one of the officers name had been named in

18   plaintiff's complaints. So, CCPD has a history of not just lying to plaintiff but to deputy public

19   defenders as well. **(See Exhibit B, titled "Cathedral City Citizen Complaints")**

20   3.    The City of Cathedral City Police Department (CCPD) and its employee

21   defendants—with blatant disregard for the United States and California Constitution and as an

22   act of retaliation—have now for a second time falsely accused plaintiff of bogus criminal

     charges.

23   4.    That being said, the Defendants now attempt to evade responsibility for their

24   dishonest acts, claiming that the Complaint against them is insufficient to put them on notice of

25   the retaliatory acts of defamation, fraud and other civil rights violations they have committed.

26   This argument is as disingenuous as it is meritless, as is the defendants' baseless contention that

27   their concealed scheme of intentional fraud and deceit has not directly caused plaintiff any harm.

28   Plaintiff's allegations set forth, in great detail, the defendants' longstanding well-concealed

fraudulent scheme, for which defendants must now be held accountable.

5.    The Defendants were involved in the wrongful acts constituting causes of actions, from personal injuries suffered by plaintiff who inadvertently discovered on July 24, 2012 that the defendants used fictitious statements by a nonexistent child victim and her mother to intentionally fabricate and concoct false police reports, antedated on 7/25/2006, and a supplemental police report, antedated 8/30/2006, naming plaintiff as a suspect under *California Penal Code* 647.6 (annoying/molesting a minor). None of the Defendants responsible for the fabricated reports have submitted declarations denying that the reports are false. Plaintiff adamantly denies all individual statements made in the police reports.

6.    The Defendants *amongst other reasons* purposely fabricated the antedated 2006 false police reports to deter and chill plaintiff's first amendment rights only three days after plaintiff accused a fellow CCPD police officer (Jose Nunez) of racial profiling on August 07, 2008.

7.    The Defendants specifically used the false reports to curtail plaintiff's first amendment rights as an act of discouragement in the *commencement of* and *final adjudication of* police misconduct claims by (1) falsely arresting plaintiff on August 10, 2008 (2) illegally detaining and intimidating plaintiff on November 22, 2008 while going to work (3) intimidating and harassing plaintiff, on January 26, 2009, during an interview where a CCPD Internal Affairs Officer (Captain Kevin Connor) who was given the responsibility to investigate plaintiff's claims of police misconduct but falsely accused plaintiff of climbing through women's bedroom windows assaulting them with "sex toys"  (4) defaming and totally obliterating plaintiff's fragile reputation by filing the false police reports which then  became a matter of public record revealing that plaintiff was under investigation for child molestation (5) colluding with other friendly law enforcement officers who also harassed and intimidated plaintiff  resulting in plaintiff's civil suit being barred due to statute of limitations (6) filing the false police reports with the objective intent to have the malicious information entered into law enforcement databases across the country so wherever plaintiff travels law enforcement agencies will be alerted that plaintiff is under investigation for child molestation and (7) conspiring and retaliating against plaintiff who reported their misconduct, in 2008-2009, to American Civil Liberties Union (ACLU), National Association for the Advancement of Colored People ("NAACP"), local media outlets, and the Civil Rights Division in Washington D.C.

8.     It is further alleged that these torts and constitutional violations resulted from established policies, practices and customs of Defendants City of Cathedral City and Stanley Henry both with *a notorious historical adopted pattern of retaliation* against citizens who have spoken out against the Cathedral City Police Department for First Amendment freedom of speech violations.

9.     Factually, majority of law enforcement officers take great pride in declaring in their police reports of previous contact with a criminal suspect. However, during plaintiff's false arrest, on August 10, 2008, Defendant Corwin DeVeas (DeVeas) who arrived on scene, stood within a few feet of plaintiff, assisted in the pat search of plaintiff, and the booking of plaintiff in the Cathedral City jail failed to acknowledge that he had prior 2006 contact with plaintiff to his subordinate arresting CCPD police officer Jeffrey Bird (Bird). Both CCPD police officers DeVeas and Bird conducted on-the-scene background and warrant checks on plaintiff that accessed the Cathedral City Police Department computer database which failed to show that plaintiff had ever been in prior contact with the CCPD for any reason(s) *whatsoever* nor named as a suspect as part of a child molestation investigation in 2006.

10.     Coincidentally, as this case has progressed and now depicting a guilty conscience, the Defendants have submitted and entered into court record documents downplaying the seriousness of such false allegations by pronouncing that the secret investigative police reports were based on "child annoyance" rather than "child molestation". However, under *California Penal Code § 647.6*, the false police reports could have easily led to plaintiff being wrongfully convicted of sexual molestation spending years in prison and under *Megan's Law* having to register as a sex offender for the rest of his/her natural life *per California Penal Code section 290*. In addition, according to California Penal Code Section 1169, Child abuse investigators who work for police and sheriff's departments must report to the Department of Justice (DOJ) *all* investigated cases of child abuse. Local law enforcement departments and DOJ can maintain these types of cases in their computer child sex assault databases for an indefinite period even though unsubstantiated, which translates to plaintiff being referenced as a potential suspect in nearby communities involving incidents of child rape or molestation.

11.     Likewise, the child molestation/ annoyance investigation (even though the investigation has been closed will remain in local police departments and DOJ computer databases indefinitely) has fundamentally given the "green light" to Riverside County local city

1   police and sheriff departments in Cathedral City, Desert Hot Springs, Rancho Mirage, La Quinta,
2   Indio, and Palm Springs to surveil and harass plaintiff at anytime they feel necessary which at
    times have led to plaintiff being illegally seized and handcuffed without probable cause.
3
4       12.    This new modernized 21st century *virtual* form of *police excessive force* which
    plaintiff also terms as a "Rodney King beating hands off approach" has definitely caused
5   maximum damage to plaintiff's emotional psyche and livelihood. Plaintiff fears going anywhere
6   near a public park that may result in his arrest for being in the vicinity of children. Oddly, when
7   plaintiff visits shopping plazas and local businesses parents receive calls and check their
8   cellphones then stare at plaintiff's face and immediately call loudly for their children.

9       13.    CCPD's fabricated and falsified police reports have without question caused
10  plaintiff irreparable harm and injury because wherever plaintiff decides to live *in this great*
11  *nation of ours* the stigmatized and malicious labels of "child molester" and "pervert" follows.

12              **II.    JURISDICTION AND VENUE**

13      14.    This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331,
14  because those claims arise under the Constitution of the United States, under 28 U.S.C. § 1343(a)
15  because those claims seek to redress deprivations, under color of state authority, of rights,
16  privileges and immunities secured by the United States Constitution. This case is brought
17  pursuant to 42, U.S.C. §§ 1983. The court has supplemental jurisdiction over state claims
18  pursuant to 28 U.S.C. § 1367. Venue is proper in the Central District of California under 28
19  U.S.C. § 1391(b) because Defendants are located in this District and all of the acts and/or
20  omissions complained of herein have occurred or will occur in the District.

21          **III.    GOVERNMENT CLAIMS ACT COMPLIANCE**
22  *Defendant City of Cathedral City*

23      15.    Plaintiff has complied with the California Tort Claims Act by having filed his
24  timely administrative claim pursuant to *Cal. Gov't Code §§ 910 and 911.2* with the City of
25  Cathedral City. Plaintiff, on July 24, 2012, discovered the retaliatory fraudulent police report
26  depicting antedated incident occurred on July 25, 2006. Plaintiff delivered claim for damages to
27  city clerk on October 30, 2012. The City of Cathedral City on November 01, 2012, pursuant Cal.
28  Gov't Code § 913, rejected this claim.

## IV.   **EQUITABLE TOLLING AND FRAUDULENT CONCEALMENT**

16.     Even though plaintiff could have known or suspected, that he had a cause of action involving the 2006 child molestation case based on a January 2009 interview with CCPD internal affairs officer Captain Kevin Connor (Connor) who made false statements about plaintiff sexually abusing women by climbing through their bedroom windows assaulting them with sex toys. Connor never mentioned a single world about a previous investigation involving child molestation in 2006 during that approximate 2-hour interview. So, plaintiff was still ignorant of the true facts of that 2006 child molestation case.  Defendant Stanley Henry, Connor and other CCPD high ranking officers were possibly aware and did have knowledge of the falsified and fabricated police reports created in 2008 but concealed the allegedly 2006 child molestation investigation that dissuaded plaintiff from filing a timely lawsuit against the Defendants.

## V.   **PARTIES**

**Plaintiff:**

17.     Plaintiff Timothy Lewis Whiting is an African-American adult male citizen of the United States, who is more than 40 years of age, who at all relevant times of this action was a resident of the Central District of California, in Riverside County. In addition, plaintiff is a Department of Defense military veteran and former Honeywell Corporation employee who specialized in Air Traffic Control Electronic Communications. Years after plaintiff's Honorable military service, he became homeless, June 2007 thru November 2010, and even while homeless and unemployed, plaintiff took classes and maintained a 3.5 GPA at College of the Desert in Palm Desert, CA.

## **Defendants: City of Cathedral City and its Police Department Employees**

18.     Defendant City of Cathedral City ["Cathedral City"] is a Municipal Corporation, organized under the laws of the State of California. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and injury occasioned thereby. It is also the public employer of the peace officers named as defendants of the Cathedral City Police Department. Defendants Stanley Henry (Henry), Earl Moss (Moss), Corwin DeVeas (DeVeas), Paul Herrera (Herrera), and James Van Gorder (Van Gorder). In addition, defendant Sandra R. Hatfield (Hatfield) who is a non-sworn employee.

**Defendants: Does 1 thru 100**

19.    Plaintiff does not know the true names of defendants DOE 1 through DOE 100 inclusive, and therefore sues them by these fictitious names. Plaintiff will amend this complaint to include their names and capacities once they are none. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible in some manner for the occurrences alleged in this complaint, and unlawfully caused the injuries and damages to plaintiff as alleged in this complaint.

20.    At all times mentioned in this complaint, unless otherwise alleged, each defendant was the agent, employee, or co-conspirator of every other defendant, and in doing the acts alleged in this complaint, was acting within the course, scope, and authority of that agency or employment, and in furtherance of the conspiracy and with the knowledge and consent of each of the other defendants.

## IV.    FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    MONELL Allegations on Policy and Practice

21.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendant peace officers and their respective departmental employers acted with gross negligence and reckless disregard for the safety, security, and constitutional and statutory rights of plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things;

a)    Selecting, retaining, and assigning peace officers with demonstrable propensities for acts of retaliation against citizens who express their First Amendment rights of free speech.

b)    Failing to adequately train, supervise, and control peace officers in the arts of law enforcement, including, without limitation, retaliating against law-abiding citizens who file police misconduct civil rights complaints.

c)    Failing to adequately discipline peace officers involved in misconduct; and

d)    Condoning and encouraging officers in the belief that they can violate the rights of persons such as the plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

22.    Defendants' peace officers conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' gross

1   negligence, or reckless disregard to the safety, security, and rights of plaintiff.

2       23.   Based upon the principles set forth in Monell v. New York City Department of

    Social Services, (1978) 436 U.S. 658, Defendants City of Cathedral City is liable for all injuries

3   sustained by plaintiff as set forth herein. The liability arises from the fact that the policies and

4   customs were a direct legal cause of plaintiff's damages.

5       24.   At all times relevant hereto, the defendants' peace officers acted willfully and

6   wantonly to the rights and feelings of the Plaintiff. At all times relevant hereto, the defendants'

7   peace officers acted in accordance with an established adopted policy, practice, custom,

8   procedure, and/or conspiracy which violated Plaintiff's known constitutional rights.

9       25.   The defendants knowingly and willfully violated and attempted to keep remained

10  hidden in order to cover-up the listed state statutory violations in this complaint and intentional

11  Constitutional infringements of the Plaintiff's rights guaranteed to him by the Constitution of the

    State of California.

12      26.   With an extended arm involving other law enforcement agencies, these

13  defendants retaliated against Plaintiff to further suppress and neutralize plaintiff's First

14  Amendment right of free speech for having previously filed civil rights police misconduct

15  complaints which are matters of public concern, so therefore defendants not protected under

16  absolute or qualified immunity.

17      27.   Plaintiff also claims defendants do not have absolute nor investigative immunity

18  for fabricating evidence or making false statements.

19

    **B.   Plaintiff's Factual Allegations Regarding This Civil Suit**

20

21      <u>**CATHEDRAL CITY POLICE DEPARTMENT (CCPD)**</u>
        <u>**Incident Discovery Date: July 24, 2012**</u>

22      28.   Defendants CITY OF CATHEDRAL CITY, STANLEY E. HENRY and other

23  high ranking CITY OF CATHEDRA CITY officials have long been on actual notice that

24  members of the CITY OF CATHEDRA CITY Police Department repeatedly violated the

25  constitutional rights of citizens by subjecting them to searches and arrests without probable

26  cause, fabricating information in reports, and have otherwise caused numerous citizens to be

27  subjected to the violation of their Constitutional rights.

28      29.   Plaintiff also believes and alleges that said customs, policies, patterns and/or

practices are the product of a culture of tolerance in the CITY OF CATHEDRAL CITY Police
Department in which the end result, i.e., an arrest and/or prosecution, by any means necessary
(whether lawful or unlawful) became more important than ensuring that the Constitution and
legal processes are followed by members of the Cathedral City Police Department.

30.     As a result of the pre-existing customs, policies, patterns and/or practices of such
abuses by members of Defendant CITY OF CATHEDRAL CITY's Police Department, plaintiff
was subjected to the violation of his constitutional rights as alleged herein.

31.     Between 2004 thru 2007, plaintiff lived in the City of Cathedral City for three
years and had never been jailed, arrested, or had any contact with the Cathedral City Police
Department (CCPD). (See *CCPD Jail History Report* as **Exhibit C**.)

32.     On August 07, 2008, plaintiff called the local CCPD to accuse CCPD Officer Jose
Nunez (Nunez) of racial profiling. Because Nunez had acted strangely by not exiting his vehicle
for some 5 minutes with his spotlight pointed in plaintiff's face, plaintiff became fearful and used
his cellphone to call 911emergency to send a CCPD supervisor out to the scene. The CCPD
dispatch officer stated she would send a supervisor to the scene. But having questioned Nunez
about the legitimacy of plaintiff's detainment, Nunez permitted plaintiff to freely walk away
prior to his supervisor's arrival. While speaking with the CCPD female 911dispatch officer,
plaintiff informed her that plaintiff would be filing a police misconduct civil rights complaint
against Nunez for racial profiling. (See Officer Jeffrey Bird's "*Cathedral City Police
Department Report, dated 08/15/2008, Case# 0808C-2160, titled Narrative Report, at page 1,
paragraph 3 attached as* **Exhibit D**.)

On or about the dates of August 08, 2008 and August 09, 2008, the Defendants used
fictitious statements by a nonexistent child victim and her mother to intentionally fabricate and
concoct false police reports, antedated on 7/25/2006, and a supplemental police report, antedated
8/30/2006, naming plaintiff as a suspect under *California Penal Code* 647.6 (annoying/molesting
a minor). (See Defendants' "*CCPD Reports, Case# 0607C-3599,* **Exhibits E, F, and G**.)

33.     Not knowing about the fabricated child molestation investigation, plaintiff and
his former girlfriend who had already been dating for approximately three years prior did notice
increased police activity and surveillance surrounding us whenever we would walk out in public

1   places after the racial profiling incident.

2       34.    Three days after calling 911 on CCPD officer Nunez accusing him of racial

3   profiling, on August 10, 2008, plaintiff having just left his former girlfriend's house and now

    having walked about two blocks away, up to ten Cathedral City police officers with their vehicle

4   lights flashing surrounded, stopped, detained and falsely arrested plaintiff on trumped up charges

5   of suspicion of burglary, being under the influence of an intoxicating substance, and making

6   annoying 911 calls. Defendant Corwin DeVeas (DeVeas) ordered his subordinate CCPD officer

7   Jeffrey Bird to arrest plaintiff without probable cause. (See Officer Jeffrey Bird's "*Cathedral*

8   *City Police Department Report, dated 08/15/2008, Case# 0808C-2160, titled Narrative Report,*

9   *at page 2, paragraph 3 attached as* **Exhibit D**.)

10       35.    During plaintiff's false arrest, on August 10, 2008, Defendant DeVeas who

11   arrived on scene, stood within a few feet of plaintiff, assisted in the pat search of plaintiff, and

12   the booking of plaintiff in the Cathedral City jail failed to acknowledge that he had prior 2006

13   contact with plaintiff to his subordinate arresting police officer Jeffrey Bird (Bird). Both CCPD

14   police officers DeVeas and Bird conducted on-the-scene background and warrant checks on

15   plaintiff that accessed the Cathedral City Police Department computer database which failed to

16   show that plaintiff had ever been in prior contact with the CCPD for any reason(s) *whatsoever*

17   nor named as a suspect as part of a child molestation investigation in 2006. DeVeas swore under

18   oath in his police report that he had prior contact with plaintiff in 2006 involving an allegedly

19   child molestation investigation which is false. (See Defendants' "*Cathedral City Police*

20   *Department Reports, Case# 0607C-3599, titled, Supplemental Report attached as* **Exhibit E**

21   *dated as 08/31/2006; Narrative Report attached as* **Exhibit F** *dated as 08/01/2006,*

     *Supplemental Report attached as* **Exhibit G** *dated as 08/31/2006.*)

22       36.    On August 25, 2008, plaintiff received a letter from former CCPD police chief

23   Defendant Stanley Henry (Henry) advising plaintiff that he received plaintiff's complaint

24   regarding an incident involving his subordinate CCPD officers, which occurred on December 23,

25   2008. Henry further stated that plaintiff's complaint was being investigated and when the process

26   is complete plaintiff will be notified. Plaintiff never received the internal investigation report

     concerning this incident, (*See Defendant Stanley Henry's first Letter as* **Exhibit H**.)

27       37.    On September 03, 2008, plaintiff received a letter from former CCPD police chief

28   Defendant Stanley Henry (Henry) advising plaintiff that he received plaintiff's complaint

regarding an incident involving his subordinate CCPD officers, which occurred on August 07, 2008 and August 10, 2008. Henry further stated that plaintiff's complaint was being investigated and when the process is complete plaintiff will be notified. Plaintiff never received the internal investigation report concerning this incident. ((*See Defendant Stanley Henry's second Letter as* **Exhibit I**.)

38.    Months later, plaintiff received a "Detention Certificate" from CCPD Internal Affairs Investigator Lieutenant Laura Hanlon (Hanlon) which basically stated *no probable cause existed* leading to Defendant DeVeas's order to have plaintiff detained and arrested on August 10, 2008. (*See CCPD Lieutenant Laura Hanlon's Detention Certificate as* **Exhibit J**).

39.    On November 22, 2008, a sophisticated home video security system recorded undeniable proof that the Cathedral City Police Department used home address 31020 San Eljay as a 'stake-out' with the intent to further harass plaintiff due to plaintiff's still pending August 10, 2008, complaints. Defendant Stanley Henry (Henry) refused to conduct an internal investigation after plaintiff challenged CCPD to subpoena the security video. (*See Plaintiff Request for Formal Investigation dated February 04, 2009* as **Exhibit K**).

40.    On January 26, 2009, at about 9:05am, while awaiting to pick-up copies of documents in the main lobby area at the CCPD, Captain Kevin Connor (Connor) did approach and request of plaintiff a brief two minute interview in his office; however, a couple of minutes, ended-up lasting just over two hours. The content of this unannounced interview, in plaintiff's mind, was to have Connor update plaintiff with information regarding plaintiff's complaint of racial profiling and three complaints of police harassment against thirteen CCPD officers. During this interview, Connor made specific revelations and admissions but denied any wrong doing by any of the thirteen officers who took part in plaintiff's illegal stops, detainments, and arrest. Yet, in the same breadth, while slightly covering his mouth with his right-hand, Connor verbally apologized on behalf of the CCPD by saying, "I am sorry if we…" and further admitted that a junior officer "…did not know what he was doing." In addition, quite suspiciously and totally off subject, Connor—hypothetically speaking—made reference to a man who goes around the community climbing through women's bedroom windows sexually assaulting them with a "sex toy". For the reason that my complaints had *absolutely nothing* to do with sexual assault, plaintiff failed to understand Connor's rationale in giving such an example, because plaintiff is neither a sexual predator nor child molester. (See Plaintiff's Fourth Incident Claim, Dated June

11, 2009page 2, paragraph 2 as **Exhibit L.**)

41.     On January 29, 2009, plaintiff received a letter from former CCPD police chief Defendant Stanley Henry (Henry) advising plaintiff that the November 22, 2008 incident had been investigated and completed. Henry stated, "<u>I have reviewed the completed internal affairs investigation regarding (2008-C) resulting from complaint you filed and I did not find any violation of departmental policy</u>." Henry ordered the internal investigators not to review the home security video showing his officers using a home as a stake-out less than a half a block from plaintiff's former girlfriend's house to harass and detain plaintiff resulting from plaintiff accusing his subordinate officers of police misconduct on August 07, 2008 and August 10, 2008. **(See Exhibit M).**

42.     On February 12, 2009, plaintiff filed a petition with the Cathedral City Police Department (CCPD) to have the police record, of plaintiff's illegal detention and false arrest, sealed and destroyed. Former CCPD Communications Police Sergeant Anita Singleterry accepted the petition and submitted the document to the Department of Justice (DOJ). The DOJ did seal and destroy this record, Case Record No. 0808C-2160, on May 20, 2009.

43.     On May 21, 2009, plaintiff contacted CCPD Lieutenant Laura Hanlon (Hanlon) to inform her of plaintiff's recent discovery that CCPD Police Officer Jeffrey Bird (Bird) committed an act of falsification of a police report dated on August 10, 2008, plaintiff explained to Hanlon that Bird intentionally lied in his report by stating that plaintiff had given him the alias (aka) name of "Tim White".  Plaintiff vehemently protested to Hanlon that plaintiff has never given any law enforcement officer an alias name (aka), because plaintiff does not have an alias. For reasons unknown at that time, plaintiff was dumbfounded as to "Why?" CCPD would label plaintiff with this so called alias (aka) name of "Tim White".  But as plaintiff continued his legal research via Internet, plaintiff later discovered on the California Attorney General Meagan's Law Website which identified a convicted sexual child molester named Timothy Lanorris White (an African-American male) who uses the alias (aka) name of "Tim White".  Mr. White has the same first name as plaintiff and has a strikingly resemblance to plaintiff's physical/ bodily characteristics (age, skin color, weight, height, and facial features). So, plaintiff believes that CCPD labeled plaintiff with the "AKA" was no mere coincidence but done with malicious intent. Convicted sexual predator Timothy Lanorris White was already in prison serving time but the defendants used the similar looking "Tim White" to partially justify the fabricated police

reports in retaliation for plaintiff's racial profiling police misconduct complaint. (*See Plaintiff's Fourth Incident Claim, Dated June 11, 2009, page 1, paragraph 2 as* **Exhibit L.**)

44. On February 28, 2012, Riverside County Superior Court Judge Randall White dismissed plaintiff's civil rights lawsuit against the City of Cathedral City and its employees due to expiration of the statue of limitations period.

45. On July 12, 2012, plaintiff visited the Desert Hot Springs Police Department (DHSPD) to inquire about a "good-guy letter" that verifies that plaintiff has no arrest record in the City of Desert Hot Springs, California. DHSPD employee, Shirley Roberts (Roberts), searched its arrest database confirming plaintiff has no arrest record and stated that she would send the letter to plaintiff's mailing address. However, after viewing and searching the DHSPD criminal arrest database further, plaintiff was informed by Roberts who said, "You might want to visit the Cathedral City Police Department." Out of curiosity, plaintiff questioned Roberts about her concern as to why plaintiff should visit the Cathedral City Police Department, but again, Roberts only stated that plaintiff "should visit the Cathedral City Police Department."

46. On July 24, 2012, as DHSPD employee Shirley Roberts suggested plaintiff did visit the Cathedral City Police Department (CCPD) to inquire about getting copies of any records related to any history of police contact in the City of Cathedral City. Having inquired and received a "Person Details Report" from Cathedral City Police Department, female dispatcher, Y.C. badge#2103, plaintiff not only discovered that his August 10, 2008 false arrest record was still active and showing up in law enforcement criminal computer databases but also plaintiff discovered, for the first time, an unknown new criminal entry now appeared in the Cathedral City Police Department computer criminal database with a listing that plaintiff is a suspect involving a child molestation investigation, *under California Penal Code 647.6, in Case No. 0607C-3599,* that allegedly occurred on July 25, 2006, at 6:00 a.m. at East Palm Canyon Drive and Monty Hall Drive in the City of Cathedral City, California.

47. Moments later, plaintiff first questioned the CCPD female dispatcher, Y.C. badge#2103, concerning the criminal investigation entry in the CCPD computer database that shows an active listing of plaintiff having been arrested in August 2008, even though, the Department of Justice sealed and destroyed the false arrest record on May 20, 2009. Plaintiff further inquired as to why plaintiff's name was actively showing up as a child molestation suspect when plaintiff had never been questioned or spoken to by any CCPD officer about being

1    under a child molestation investigation back in July of 2006.

2          48.    Y.C. badge#2103 first informed plaintiff that the false arrest incident, Case No.

3    0808C-2160 would be immediately removed from CCPD's database showing a history of an

     arrest record of plaintiff in the City of Cathedral City. *Secondly*, Y.C. badge#2103, informed
4
     plaintiff that the child molestation case was closed September 01, 2006 and she further stated
5
     that the case information record will be sent to the California Department of Justice to have the
6
     record sealed and destroyed in *Case No. 0607C-3599*. Without hesitation, plaintiff informed
7
     Y.C. that plaintiff was not involved in the incident. On the following day, plaintiff requested
8    copies of the police and investigation reports and received such reports on July 25, 2012.

9    However, as of February 27, 2014, plaintiff has not received any information from the

10   Department of Justice stating that the child molestation case has been sealed and destroyed.

11         49.    After reading the police reports, plaintiff filed this here action against the

12   individual defendants that arises out of an event that is summarized in the reports and

     supplemental reports by CCPD police officers and their supervisors. Plaintiff adamantly denies
13
     any involvement whatsoever in the criminal child case.  The police reports were intentionally
14
     fabricated and falsified.
15
           50.    Defendant Van Gorder (Gorder) contends that plaintiff was involved in a child
16
     annoy/ molestation incident on 7-25-06 at 6:00, Tuesday, at East Palm Canyon and Monty Hall
17
     in the City of Cathedral City, CA.   Plaintiff adamantly **denies** introducing himself to the victim
18   about two weeks ago and they talked while riding the bus.  Plaintiff **denies** riding a Sun Bus at

19   6:00am on Tuesday, on 07-25-06.   Plaintiff **denies** telling the victim that if she did not want the

20   card, she could throw it away and 'tear up the evidence and she could keep the money. Plaintiff

21   **denies** telling the victim he works at The Lodge at Rancho Mirage. Plaintiff **denies** he gave

     Victim and envelope with her name on it that contained a $20.00 bill and a note written on the
22
     inside that stated plaintiff wanted to be her 'secret friend' and plaintiff thought she was beautiful
23
     and sexy. Plaintiff **denies** telling victim that if she did not want the card, she could throw it away
24
     and 'tear up the evidence.' Plaintiff **denies** telling victim that she could keep the money.
25
           51.    Defendant Corwin DeVeas (DeVeas) contends that plaintiff was involved in a
26
     child annoy/ molestation incident on 7-25-06 at 6:00, Tuesday, at East Palm Canyon and Monty
27
     Hall in the City of Cathedral City, CA.   Plaintiff **denies** ever speaking with DeVeas on 08/30/06
28   and verbally identifying himself as "Tim White," with date of birth of 090563. Plaintiff **denies**

telling DeVeas that he did not do anything wrong. Plaintiff **denies** telling DeVeas that plaintiff wanted to know why DeVeas wanted to speak about this situation. Plaintiff **denies** telling DeVeas that the victim was actually the person who approached him, and she had some of her family members call and threaten him.

52.     In Case #0607C-3599, on August 31, 2006, at 5:01 p.m., Defendant DeVeas filed a second supplemental report: Plaintiff **denies** telling DeVeas in his Supp-1 Report, case # of 0607-3599, on 083006, identifying himself as Timothy Whiting (DOB 090563) to Defendant Sandra R. Hatfield (Hatfield). Plaintiff **denies** he called wanting to know who was questioning him regarding this case. Plaintiff **denies** he attempted to report a subject who was impersonating a police officer was harassing him. Plaintiff **denies** confirming his name, and his cellular phone # to Hatfield. Plaintiff **denies** verbally identifying himself.

53.     In Defendant DeVeas's supplemental-2 police report, CCPD employee Defendant Hatfield lied in the report:  Plaintiff **denies** that he called wanting to know who was questioning him regarding this case.   Plaintiff has never spoken to any CCPD employee about a child molestation case. Plaintiff adamantly **denies** ever speaking with Defendant Sandra R. Hatfield.


## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – FIRST AMENDMENT FREEDOM OF SPEECH – RETALIATION)
### (Against ALL Defendants)

54.     Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 53 above with the same force and effect as if herein set forth.
At all times relevant herein, the conducts of all Defendants were subject to 42 U.S.C. 1983.

55.     Plaintiff vs. Defendants City of Cathedral City, Stanley Henry, Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100.

56.     All Defendants were acting under color of law or purporting to act in the performance of his or her official duties.

57.     The defendants worked a denial of plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, by intentionally and secretively fabricating and concocting false police reports, antedated on 7/25/2006, and a supplemental police report, antedated 8/30/2006, naming plaintiff as a suspect under *California Penal Code*

647.6 (annoying/molesting a minor) after plaintiff accused Cathedral City Police Department (CCPD) Officer Jose Nunez of police misconduct for racial profiling on August 07, 2008.

58.     Plaintiff was engaged in the filing of a police misconduct complaint that is a matter of public concern and is protected by the First Amendment. The Defendants took retaliatory action in fabrication of the 2006 police reports against plaintiff for previously accusing a fellow CCPD officer of racial profiling on August 07, 2008 that resulted in plaintiff's false arrest on bogus charges on August 10, 2008 and later CCPD harassment and intimidation against plaintiff on November 22, 2008, and January 26, 2009.

59.     The Defendants fabricated 2006 police reports created in 2008 as a result of plaintiff having accused a fellow police of racial profiling, was a substantial factor in causing plaintiff's pain and suffering, mental and emotional injuries, humiliation, injury to reputation, loss of earning capacity, law enforcement apprehension, and loss of enjoyment of life.

60.     The Defendants' action of retaliation would not have occurred but for plaintiff's protected speech of filing civil rights police misconduct complaints of racial profiling. As a result of the retaliation by the Defendants for Plaintiff exercising his First Amendment right to petition, plaintiff has been deprived of his right to free speech, and due course of justice was impeded, in violation of the First Amendment of the Constitution of the United States and U.S.C. § 1983.

**WHEREFORE,** Plaintiff demands judgment for First Amendment retaliation in violation of 42 U.S.C. 1983 against all the defendants for the chilling of his free speech against the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, except defendant City of Cathedral City, in the amount of $100,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – DUE PROCESS-FOURTEENTH AMENDMENT)
### (Against ALL DEFENDANTS)

61.     Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 60 above with the same force and effect as if herein set forth.

62.     Plaintiff vs. Defendants City of Cathedral City, Stanley Henry, Earl Moss, Corwin

DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100.

63.     The defendants were acting under color of law or purporting to act in the performance of his official duties.

64.     The defendants intentionally and secretively fabricated and concocted false police reports, antedated on 7/25/2006, and a supplemental police report, antedated 8/30/2006, naming plaintiff as a suspect under *California Penal Code* 647.6 (annoying/molesting a minor) after plaintiff accused Cathedral City Police Department (CCPD) Officer Jose Nunez of police misconduct for racial profiling on August 07, 2008.

65.     Plaintiff had no knowledge of the existence of this secret child molestation investigation later used as a means to initiate surveillance and probable cause to falsely arrest plaintiff on bogus trumped up charges on August 10, 2008 after plaintiff accused another fellow officer of racial profiling. The Defendants also used the secret investigation as a "liability preventer" to further harass and intimidate plaintiff on November 22, 2008 and January 26, 2009.

66.     The Defendants, unknowingly to plaintiff at the time, continued to use the alleged covert 2006 fabricated child molestation/annoyance police reports (which were actually created days after plaintiff accused a fellow police officer of racial profiling on August 07, 2008) against plaintiff despite the fact that they knew or should have known that the Defendants fabricated the reports which would yield false information.

67.     The Defendants' actions would not have occurred but for plaintiff's protected speech of filing civil rights police misconduct complaints. As a result the Defendants of Plaintiff exercising his right to petition, plaintiff has been deprived of his Due Process rights, and due course of justice was impeded, in violation of the Fourteenth Amendment of the Constitution of the United States and U.S.C. § 1983.

**WHEREFORE**, Plaintiff demands judgment for Fourteenth Amendment retaliation in violation of 42 U.S.C. 1983 against all the defendants for the chilling of his free speech against the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, except defendant City of Cathedral City, in the amount of $100,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## THIRD CAUSE OF ACTION
### (Cal. Civ. Code §§ 44, 45)
**(Defamation *libel per se — Private Figure — Matter of Public Concern*)**

68.     Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 67 above with the same force and effect as if herein set forth.

69.     Plaintiff vs. Defendants Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, and Sandra R. Hatfield and DOES 1-100.

70.     Occurring in August 2008, defendants Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, and Sandra R. Hatfield made statement(s) in a fabricated and falsified written police report(s), antedated July 25, 2006, of criminal charges of child molestation to known persons (the public) other than plaintiff (a private figure). The defendants' police reports are a matter of public concern accessible to the public.

71.     The defendants made these false and malicious statements as a retaliatory gesture by antedating fictitious police reports of child molestation antedated 2006 after plaintiff accused another fellow officer of racial profiling. The Defendants also used the secret investigation as a "liability preventer" to further harass and intimidate plaintiff on November 22, 2008 and January 26, 2009.

72.     The Defendants reasonably understood the statement(s) of child molestation were about Plaintiff Timothy Lewis Whiting and also reasonably understood the statements to mean that Plaintiff had committed a crime of child molestation pursuant to *Cal. Penal Code* §647.6(1). The defendants' statement(s) as part of an antedated 2006 police report(s) were false and untrue.

73.     Defendants Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, and Sandra R. Hatfield made the statements with malicious intent to cause injury or with knowing and willful disregard for the probable dangerous consequences of their conduct and deliberately failed to avoid the consequences.

74.     As a result of the intentional, malicious, reckless and willful acts of retaliation by defendants, plaintiff has suffered damage to his fragile reputation, loss of prospective employment income, emotional distress, mental anguish, humiliation, and pain and suffering.

75.     Defendants' wrongful conduct was a substantial factor in causing plaintiff's harm. As a direct and proximate result of said reputation, shame, mortification, and hurt feelings,

plaintiff suffered actual damages, assumed damages, and punitive damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment for Defamation *libel per se* in violation of California Civil Code sections 44, 45 against all the defendants jointly and severally, for actual, assumed, general, special, compensatory damages in the amount of $500,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## FOURTH CAUSE OF ACTION
### (Abuse of Process)

76.     Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 75 above with the same force and effect as if herein set forth.

77.     Plaintiff vs. Defendants Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, and Sandra R. Hatfield and DOES 1-100

78.     The defendants intentionally and secretively fabricated and concocted false police reports, antedated on 7/25/2006, and a supplemental police report, antedated 8/30/2006, naming plaintiff as a suspect under *California Penal Code* 647.6 (annoying/molesting a minor) after plaintiff accused Cathedral City Police Department (CCPD) Officer Jose Nunez of police misconduct for racial profiling on August 07, 2008. The Defendants also used the secret investigation as a "liability preventer" to further harass and intimidate plaintiff on November 22, 2008 and January 26, 2009.

79.     That Defendants intentionally created a police report by using false evidence, such police report was then used to (a) to open up a bogus child molestation criminal investigation against Plaintiff and (b) presented this child molester police report within nation-wide law enforcement computer criminal investigative databases which is also available to the public.

80.     Defendants were involved in preparing the fabricated antedated 2006 child molestation police report and knew the police report was fraudulent and an abuse of process when they prepared the police report.

81.     Defendants used these legal procedures of generating a false document for illegal and ulterior purposes, fraudulently fabricating a police report and using such police report to

falsely arrest plaintiff on August 10, 2008 three days after plaintiff accused a fellow police officer of racial profiling on August 07, 2008 and later using that same secretive report as a "liability protector" in intimidating and harassing plaintiff on November 22, 2008 and January 26, 2009 as a means of retaliation thereby stigmatized plaintiff as a child molester, use of legal procedures for which they were not designed to achieve.

82.     The Defendants intentionally used this legal procedure in creation of the fabricated police reports as a retaliatory gesture leading to plaintiff's false arrest on August 10, 2008 after plaintiff accused another fellow officer of racial profiling on August 07, 2008. The Defendants also used the secret alleged 2006 fabricated investigation as a "liability preventer" to further harass and intimidate plaintiff on November 22, 2008 and January 26, 2009.

83.     The Defendants' conduct was outrageous in fabrication of the false police 2006 reports that basically labeled plaintiff as a child molester which could have and possibly in the future lead to plaintiff being imprisoned based on law enforcement databases identifying plaintiff as a potential suspect for child sex assault or molestation.

84.     The defendants intended to cause plaintiff emotional distress and acted with reckless disregard of the probability that plaintiff would suffer emotional distress, knowing that plaintiff was shocked in discovering the defendants fabricated and falsified an antedated 2006 police report depicting plaintiff as a child molester. Plaintiff suffered severe emotional distress upon discovery of such allegations.

85.     That Defendants' conduct was a substantial factor in causing plaintiff's severe emotional distress. As a direct and proximate result of said intentional infliction of emotional distress, plaintiff suffered general and special damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### (Fraud & Deceit)
### (Under California Government Code section 822.2)

86.     Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 85 above with the same force and effect as if herein set forth.

87.     Plaintiff vs. Defendants Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, and Sandra R. Hatfield and DOES 1-100

88.     The Defendants established a relationship with plaintiff were in a police officer and suspect relationship.

89.     Those defendants actively concealed an important fact from plaintiff or prevented him from discovering that fact. That plaintiff did not know of the concealed fact.

90.     That defendants intended to deceive plaintiff by concealing the fact.

91.     That plaintiff reasonably relied on defendant's deception. That plaintiff was harmed; and defendant's concealment was a substantial factor in causing plaintiff's harm.

## SIXTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – SUPERVISOR LIABILITY)
### (Against CCPD Former Police Chief Defendant Stanley Henry)

92.     Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 91 above with the same force and effect as if herein set forth.

93.     Plaintiff vs. Defendant Stanley Henry.

94.     The Defendant was <u>acting under color of law</u> or purporting to act in the performance of his official duties. The acts of Defendant Stanley Henry's subordinate police officers Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100, <u>deprived</u> plaintiff of his particular rights under the United States Constitution.

95.     Henry did not find any violations of departmental policy involving his subordinate officers who plaintiff filed police misconduct complaints on four or five different occasions despite in one incident CCPD internal investigator Laura Hanlon who stated that plaintiff's false arrest on August 10, 2008 was without probable cause.  Henry sent letters to plaintiff on August 25, 2008, September 03, 2008, and January 29, 2009 acknowledging and denying action of plaintiffs police misconduct complaints.

96.     Henry was aware of the history of conflict between his subordinate officers and plaintiff, and yet continued to permit officers Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield and DOES 1-100 to intimidate and harass plaintiff.

97.     Henry neglected his supervisorial duties, by permitting his subordinate officers Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, and Sandra R. Hatfield officer to intentionally fabricate police reports that was inconsistent with CCPD policy, and that he encouraged the retaliatory gesture leading to plaintiff's false arrest on August 10, 2008 after plaintiff accused another fellow officer of racial profiling on August 07, 2008. Henry's neglect also resulted in further harassment and intimidation against plaintiff on November 22, 2008 and January 26, 2009.

98.     Henry should have made a determination whether officers Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, and Sandra R. Hatfield personal opinions as to the fabricating a police report was supported by CCPD policy.

99.     Henry also showed tacit support for officers Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, and Sandra R. Hatfield and DOS 1-100 actions by rejecting plaintiff's police misconduct complaints and failing to discipline the officers Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, and Sandra R. Hatfield.

100.     Henry, with deliberate indifference to the consequences, established and maintained an intercultural police departmental retaliatory custom that directly caused the subordinate police officers Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, and Sandra R. Hatfield and DOS 1-100 to retaliate by fabricating 2006 child molestation police reports against plaintiff for previously accusing a fellow CCPD officer of racial profiling on August 07, 2008 that also resulted in plaintiff's false arrest on bogus charges on August 10, 2008 and later CCPD harassment and intimidation against plaintiff on November 22, 2008, and January 26, 2009.

101.     In fact, this notorious practice of Henry's policies of first amendment retaliation against innocent citizens were clearly revealed when, in **September 2002**, in a case entitled **Glen Haas, et al. v. Cathedral City, et al.**, the Cathedral City Police Officers Association ("CCPOA") filed a complaint against Defendant Stanley Henry (former Chief Henry), and two other administrators that brought into public light the corrupt practices of Stanley Henry's administration including the "cover-up of the 'Goon Squad' incident <u>where a Cathedral City Police Lieutenant gave an illegal order to officers during a briefing to intentionally intimidate a citizen</u>." Once the Haas Complaint was filed, in retaliation, on **April 27th, 2004**, in the United States District Court, **FEDERAL COURT EDCV 02-965, CV 0402931**, a complaint for damages was filed on behalf of 27 Cathedral City Police Officers (27 CCPD officers) charging defendant former police chief Defendant Stanley Henry and other police administrators in the department for unlawful retaliation. Stanley Henry's administration acting under the *color of law* intimidated, threatened, harassed, and punished the 27 CCPD subordinate police officers as a result of their roles in the Haas case. The 27 CCPD officers claimed Stanley Henry used several intimidation tactics designed to prevent or dissuade them from testifying freely, honestly and openly in the Haas case. <u>In one implausible malicious tactic,</u> Stanley Henry disclosed to the

public some of the 27 CCPD police officers' home addresses and other confidential information in violation of California law.

102. Again, this practice was clearly revealed when, on **January 23, 2008**, Sharon Stephens (Miss Stephens), a 65-year old woman, filed a police misconduct complaint against the Cathedral City Police Department (CCPD). Defendant Stanley Henry and other administrators soon began thereafter a "conspiratorial, covert and clandestine investigation" which led to Miss Stephens' false arrests. To further retaliate and harass Miss Stephens, Defendant Stanley Henry and other CCPD administrators conducted unannounced interviews and slandered (lies upon lies) Miss Stephens to the point that high-ranking government officials placed her name on the Department of Homeland Security (DHS) Terrorist Screening Database (TSDB) in Sacramento, CA.

103. Defendant Stanley Henry set in motion a series of acts by his subordinates that he knew or reasonably should have known would cause the subordinates to deprive plaintiff of his rights. Defendant Stanley Henry failed to act to prevent his subordinates from engaging in such conduct. The Defendant Stanley Henry and his subordinates conduct was a substantial factor in causing plaintiff's pain and suffering, mental and emotional injuries, humiliation, injury to reputation, loss of earning capacity, future loss of income, law enforcement apprehension, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment for First Amendment retaliation in violation of 42 U.S.C. 1983 against defendant Stanley Henry for the chilling of his free speech against the Defendant, for actual, general, special, compensatory damages in the amount of $500,000.00 and further demands judgment against said Defendant, for punitive damages, in the amount of $100,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## SEVENTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – SUPERVISOR LIABILITY)
### (Against Cathedral City Police Sergeant Defendants Earl Moss and Paul Herrera)

104. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 103 above with the same force and effect as if herein set forth.

105. Plaintiff vs. Defendants Earl Moss, Paul Herrera, and DOES 1-100.

106.     The Defendants were acting under color of law or purporting to act in the performance of their official duties.

107.     The acts of Defendants Earl Moss and Paul Herrera's subordinate police officers Corwin DeVeas and James Van Gorder, deprived plaintiff of his civil rights under the United States Constitution.

108.     Defendants Earl Moss and Paul Herrera knew, or in the exercise of reasonable diligence should have known, of subordinates CCPD police officers Corwin DeVeas, James Van Gorder and DOES 1-100, wrongful conduct in the fabrication and falsification of a child molestation police report antedated July 2006 against plaintiff. Defendants Earl Moss and Paul Herrera's response was so inadequate that it showed deliberate indifference to, or tacit authorization of, their subordinates conduct.

109.     Defendants Earl Moss and Paul Herrera set in motion a series of acts by his subordinates that they knew or reasonably should have known would cause the subordinates to deprive plaintiff of his rights. Defendants Earl Moss and Paul Herrera knew that the substance of their subordinate officers' Corwin DeVeas and James Van Gorder's police report was fabricated and falsified but approved of the child molestation antedated crime report anyway.

110.     Defendants Earl Moss and Paul Herrera failed to act to prevent their subordinates from engaging in such conduct. Defendants Earl Moss and Paul Herrera and their subordinates' conduct was a substantial factor in causing plaintiff's pain and suffering, mental and emotional injuries, humiliation, injury to reputation, loss of earning capacity, future loss of income, law enforcement apprehension, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment for First Amendment retaliation in violation of 42 U.S.C. 1983 against the defendants Earl Moss and Paul Herrera for the chilling of his free speech against the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $150,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, in the amount of $100,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### EIGHTH CAUSE OF ACTION
**(42 U.S.C. § 1983 – MUNICIPAL LIABILITY Act of Final Policy Maker)**
**(Against Defendant City of Cathedral City)**

111.     Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 110 above with the same force and effect as if herein set forth.

112.     Plaintiff vs. Defendant City of Cathedral City.

113.     Stanley Henry, former police chief, of the City of Cathedral City Police Department, was acting under color of law or purporting to act in the performance of his official duties.

114.     The acts of Stanley Henry, with deliberate indifference, are based on his unwritten informal policies communicated to his subordinate administrators and police officers who deprived plaintiff of his First Amendment Rights under the United States Constitution. Stanley Henry's informal unwritten communicated policies involve a pattern of constitutional abuse against any citizen or subordinate police officer who challenged his authority. This includes the following of a historical pattern against other citizens of retaliatory incidents:

(1)     Intimidation of citizens, in **September 2002**, in a case entitled <u>Glen Haas, et al. v. Cathedral City, et al,</u> the Cathedral City Police Officers Association ("CCPOA") filed a complaint against Stanley Henry and two other administrators that brought into public light the corrupt practices of Stanley Henry's administration including the "cover-up of the 'Goon Squad' incident <u>where a Cathedral City Police Lieutenant gave an illegal order to officers during a briefing to intentionally intimidate a citizen.</u>"

(2)     Falsifying of official government documents, **in April 2004**, Jeff Miller (Officer Miller), an ex-Cathedral City Police Officer, took part in the Haas case, a Federal lawsuit against Stanley Henry; Officer Miller's name was placed on Stanley Henry's "<u>target hit list</u>." Stanley Henry spent in excess of $50,000 initiating an internal investigation against Officer Miller. Stanley Henry then with assistance of a friendly Riverside County DA investigator obtained a search warrant against Officer Miller. After having read the search warrant personally drafted up by Stanley Henry, former CCPD Officer Miller later stated "...<u>it was filled with so many lies it was pathetic.</u>" The City settled out of court to keep Officer Miller quiet.

(3)     Falsely arresting citizens who file citizen police misconduct complaints, on **January 23, 2008**, Sharon Stephens (Miss Stephens), a 65-year old woman, filed a police misconduct complaint against the Cathedral City Police Department (CCPD). Stanley Henry and other administrators soon began thereafter a "conspiratorial, covert and clandestine investigation" which led to Miss Stephens' false arrests.

(4)     Retaliating against witnesses who speak out publicly about mismanagement and corrupt business practices of the Cathedral City Police Department, on **April 27th, 2004**, in the United States District Court, **FEDERAL COURT EDCV 02-965, CV 0402931**, a complaint for damages was filed on behalf of 27 witnesses who charged Stanley Henry and other police administrators in the department for unlawful retaliation to prevent or dissuade them from testifying freely, honestly and openly in a civil rights case against the City of Cathedral City.

(5)     Providing the names of citizens who file legitimate citizen police misconduct complaints to the Department of Homeland Security that mistakenly labels the citizen as a "domestic terrorist", on **January 23, 2008**, Sharon Stephens (Miss Stephens), a 65-year old woman, after filing a police misconduct complaint against the Cathedral City Police Department (CCPD). Miss Stephens' stated that Stanley Henry's administration told lies to high-ranking government officials who then placed Miss Stephens name on the Terrorist Screening Database (TSDB) in Sacramento, CA.

115.     Stanley Henry had final policymaking authority from Defendant City of Cathedral City concerning these acts which led to Stanley Henry's subordinate police officers to retaliate against plaintiff by fabricating and falsifying a CCPD police incident report antedated 7/25/06, Case No. 0607C-3599, for child molestation. When Stanley Henry engaged in these acts, he was acting as a final policymaker for Defendant City of Cathedral City. Stanley Henry's unwritten policies was a substantial factor in causing plaintiff's pain and suffering, mental and emotional injuries, humiliation, injury to reputation, loss of earning capacity, future loss of income, law enforcement apprehension, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment for First Amendment retaliation in violation of 42

U.S.C. 1983 against Defendant City of Cathedral City for the chilling of his free speech against, for actual, general, special, compensatory damages in the amount of $500,000.00, plus t

he costs of this action, including attorney's fees and such other relief deemed just and equitable.

**NINTH CAUSE OF ACTION**
**(42 U.S.C. § 1983 – MUNICIPAL LIABILITY based on Adopted Custom)**
**(Against Defendant City of Cathedral City)**

116.     Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 115 above with the same force and effect as if herein set forth.

117.     Plaintiff vs. Defendant City of Cathedral City.

118.     Stanley Henry, the former Cathedral City police chief, was acting under color of law or purporting to act in the performance of his official duties.

119.     The acts of Stanley Henry, with deliberate indifference, are based on Stanley Henry's unwritten custom and practice communicated to his subordinate administrators and police officers who deprived plaintiff of his civil rights under the United States Constitution.

120.     Stanley Henry's informal unwritten custom and practice demonstrate a pattern of constitutional abuses against citizens and subordinate officers who challenged his authority. Plaintiff having put on notice the City of Cathedral City by filing four previous police misconduct complaints against Stanley Henry and his subordinate officers clearly demonstrate a wide-spread custom of retaliation against citizens who file civil rights police misconduct complaints. Stanley Henry acted pursuant to an expressly adopted longstanding custom and practice of Defendant City of Cathedral City who failed to take action against its employees who commit constitutional abuses against citizens who file police misconduct complaints.

121.     Defendant City of Cathedral City adopted Stanley Henry's informal custom and practices concerning these acts that led Stanley Henry's subordinate police officers to retaliate against plaintiff by fabricating and falsifying antedated police reports of child molestation.

122.     When Stanley Henry engaged in these acts, he was acting as a final policymaker for Defendant City of Cathedral City. Stanley Henry's informal unwritten policies was a substantial factor in causing plaintiff's pain and suffering, mental and emotional injuries, humiliation, injury to reputation, loss of earning capacity, future loss of income, law enforcement apprehension, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment for First Amendment retaliation in violation of 42

U.S.C. 1983 against Defendant City of Cathedral City for the chilling of his free speech against, for actual, general, special, compensatory damages in the amount of $500,000.00, plus the costs of this action, including attorney's fees and such other relief deemed just and equitable.

### TENTH CAUSE OF ACTION

### (42 U.S.C. § 1983 – MUNICIPAL LIABILITY based on Failure to Train)

### (Against Defendant City of Cathedral City)

123.    Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 122 above with the same force and effect as if herein set forth.

124.    Plaintiff vs. Defendant City of Cathedral City.

125.    The acts of Defendant City of Cathedral City's failure to train its employee police officers Stanley Henry, Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100, deprived plaintiff of his civil rights under the United States Constitution.

126.    Defendant City of Cathedral City's police officer employees Stanley Henry, Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100, were acting under color of law or purporting to act in the performance of his or her official duties. Defendant City of Cathedral City had knowledge of or should have known of its police officer training deficiencies that were publicly manifested.

127.    The training policies of the Defendant City of Cathedral City were not adequate to train its police officers to handle the usual recurring situations with which they must deal. The Defendant City of Cathedral City was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

128.    Defendant City of Cathedral City knew its failure to train its employees would result in constitutional violations which led police officers to fabricate and falsify antedated police reports of child molestation against plaintiff. The failure of the Defendant City of Cathedral City to provide adequate training caused the deprivation of plaintiff's rights as to be the moving force that caused police officers to fabricate and falsify antedated police reports of child molestation against plaintiff. Defendant City of Cathedral City's failure to train its employees was a substantial factor in causing plaintiff's pain and suffering, mental and emotional injuries, humiliation, injury to reputation, loss of earning capacity, future loss of income, law enforcement apprehension, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment for First Amendment retaliation in violation of 42 U.S.C. 1983 against Defendant City of Cathedral City for the chilling of his free speech against, for actual, general, special, compensatory damages in the amount of $500,000.00, plus the costs of this action, including attorney's fees and such other relief deemed just and equitable.

### ELEVENTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – MUNICIPAL LIABILITY based on Negligent Hiring)
### (Against Defendant City of Cathedral City)

129.     Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 128 above with the same force and effect as if herein set forth.

130.     Plaintiff vs. Defendant City of Cathedral City.

131.     The acts of Defendant City of Cathedral City's adopted policy of negligent hiring of its employee police officers Stanley Henry, Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100, deprived plaintiff of his civil rights under the United States Constitution.

132.     Defendant City of Cathedral City's employee police officers Stanley Henry, Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100 were acting under color of law or purporting to act in the performance of his or her official duties.

133.     Defendant City of Cathedral City failed to check adequately employee police officers Stanley Henry, Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100 background when hiring him or her. Defendant City of Cathedral City's failure to check adequately employee police officers Stanley Henry, Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100 background amounted to deliberate indifference to the risk that a violation of plaintiff's civil rights would follow the hiring decision.

134.     The Defendant City of Cathedral City's failure to check adequately employee police officers Stanley Henry, Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100 background proximately caused the violation of plaintiff's civil rights. The failure of the Defendant City of Cathedral City to adequately check the backgrounds of its employee police officers caused the deprivation of plaintiff's rights as to be

the moving force that caused police officers to fabricate and falsify antedated police reports of child molestation against plaintiff.

135. Defendant City of Cathedral City's failure to check adequately employee police officers Stanley Henry, Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100 backgrounds was a substantial factor in causing plaintiff's pain and suffering, mental and emotional injuries, humiliation, injury to reputation, loss of earning capacity, future loss of income, law enforcement apprehension, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment for First Amendment retaliation in violation of 42 U.S.C. 1983 against Defendant City of Cathedral City for the chilling of his free speech against, for actual, general, special, compensatory damages in the amount of $500,000.00, plus the costs of this action, including attorney's fees and such other relief deemed just and equitable.

## TWELVTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – MUNICIPAL LIABILITY based on Ratification)
### (Against Defendant City of Cathedral City)

136. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 135above with the same force and effect as if herein set forth.

137. Plaintiff vs. Defendant City of Cathedral City.

138. Stanley Henry, the former Cathedral City police chief, was acting under color of law or purporting to act in the performance of his official duties.

139. The acts of Stanley Henry, with deliberate indifference, are based on his unwritten informal policies communicated to his subordinate administrators and police officers who deprived plaintiff of his First Amendment Rights under the United States Constitution.

140. Stanley Henry's informal unwritten communicated policies involve a pattern of constitutional abuse against any citizen or subordinate officer who challenged his authority.

141. On November 01, 2012, plaintiff received letter of "Rejection of Claim" from Defendant City of Cathedral City pertaining to plaintiff's claim for damages which is understood by plaintiff that Defendant City of Cathedral City approved of and cleared all subordinate police officers of any unconstitutional retaliatory conduct in the fabrication and falsification of a child molestation antedated police report against plaintiff.

142.    Stanley Henry acted pursuant to an expressly adopted longstanding unwritten widespread custom and practice of defendant City of Cathedral City having denied plaintiff's claim for damages all but approve and accept as constitutional that police officers can fabricate and falsify antedated police reports as a lifetime means of retaliation against citizens who have previously filed police officer misconduct complaints.

143.    Stanley Henry had final policymaking authority from Defendant City of Cathedral City concerning the acts of Stanley Henry's subordinate police officers Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100 who fabricated and falsified child molestation antedated police reports against plaintiff.

144.    Stanley Henry ratified his subordinate police officers Earl Moss, Corwin DeVeas, Paul Herrera, James Van Gorder, Sandra R. Hatfield, and DOES 1-100, acts and the basis for it, that is, Stanley Henry knew of and specifically approved of the employees' acts.

145.    Stanley Henry's unwritten policies was a substantial factor in causing plaintiff's pain and suffering, mental and emotional injuries, humiliation, injury to reputation, loss of earning capacity, future loss of income, law enforcement apprehension, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff demands judgment for First Amendment retaliation in violation of 42 U.S.C. 1983 against Defendant City of Cathedral City for the chilling of his free speech against, for actual, general, special, compensatory damages in the amount of $500,000.00, plus the costs of this action, including attorney's fees and such other relief deemed just and equitable.

### THIRTEENTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

146.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 145 above with the same force and effect as if herein set forth.

147.    Plaintiff vs. ALL Defendants.

148.    The Defendants' conduct was outrageous. The defendants intended to cause plaintiff emotional distress and acted with reckless disregard of the probability that plaintiff would suffer emotional distress, knowing that plaintiff was shocked in discovering the

defendants fabricated and falsified an antedated 2006 police report depicting plaintiff as a child molester. Plaintiff suffered severe emotional distress upon discovery of such allegations.

149.     That Defendants' conduct was a substantial factor in causing plaintiff's severe emotional distress. As a direct and proximate result of said intentional infliction of emotional distress, plaintiff suffered general and special damages in an amount to be proven at trial.

## FOURTEENTH CAUSE OF ACTION
### (Negligence)

150.     Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 149 above with the same force and effect as if herein set forth.

151.     Plaintiff vs. ALL Defendants. The defendants were negligent in the fabrication and falsification of antedated 2006 police reports for child molestation against plaintiff. Plaintiff suffered serious emotional distress upon discovery on July 24, 2012.

152.     That Defendants' negligence was a substantial factor in causing plaintiff's severe emotional distress. As a direct and proximate result of said negligent infliction of emotional distress, plaintiff suffered general and special damages in an amount to be proven at trial.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff requests that this Court:

1.     Declare that the Defendants' actions violated the First and Fourteenth Amendments to the United States Constitution;

2.     Permanently enjoin the Defendants from any further retaliatory action against the Plaintiff for the exercise of rights under the United States and California Constitutions;

3.     Plaintiff demands judgment for First Amendment retaliation in violation of 42 U.S.C. 1983 against all the defendants for the chilling of his free speech against the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, except defendant City of Cathedral City, in the amount of $100,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## PLAINTIFF'S VERIFICATION

1

2    I, TIMOTHY LEWIS WHITING, declare under the penalty of perjury under the laws of the

3    State of California that the foregoing is true and correct to the best of my knowledge.

4          Dated this 28th day of February 2014.

5

6

7                                                    Timothy Lewis Whiting
                                                        In Pro Se
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

# Suit against Cathedral City

From: **jmcmilli@aol.com**

Sent: Tue 1/29/13 9:45 AM

To:    tw92240@hotmail.com

Good morning Mr. Whiting:

I have been assigned the new case that you filed against Cathedral City.  I am sending you this email since you have no current phone listed by the court  In reading the complaint, it appears that we might be able to satisfy you without further litigation.  However, I may be wrong. Since our previous conversations have always been very cordial, it won't hurt for us to at least talk about it.  Please give me a call at 760-413-6913

# Exhibit B

Windows Live™  Hotmail (22)   Messenger (0)   SkyDrive  | MSN                     Ti

## Hotmail

New   |   Reply   Reply all   Forward   |   Delete   Junk   Sweep ▾   Mark as ▾   Move to ▾   Cat

| **Inbox (22)** | Cathedral City Citizen | Back to messages   | |

### Cathedral City Citizen Complaints

**Folders**

Junk (448)

Drafts (17)

Sent

Deleted

24HrFitness

Carl

COD

Edison

FAFSA

Insurance

IRS

Job Search

Lotto

Sprint

TimeWarner

VA

New folder

**Quick views**

Documents

Flagged

Photos

Shipping updates

New category

**Messenger**

You're signed in to Messenger. To change your status, click your name in the upper right corner.
Keep me signed in | Sign out of Messenger

Search contacts

No friends are online.

Sign out of Messenger

---

**Garcia, Laura**  Add to contacts                                    1/08/13
To 'tw92240@hotmail.com'                                          Reply ▾

Hello Mr. Whiting,

   I came across your information through a civil complaint you recently filed against the Cathedral City Police Department. I was curious to see that you stated in your complaint you had filed several citizen complaints with CCPD in 2008 and 2009. This is curious to me because in a recent case I was handling, I was told by the agency that no such complaints existed as to certain officers, one you have listed in your complaint.

   I was wondering if you wouldn't mind sharing with me what complaints you filed, when and against which officers. If you have copies of such complaints, I would definitely love to see them. In particular, I am interested in any complaints you made about false reports and allegations.

Thank you and I appreciate your time.

*Laura C. Garcia*
Deputy Public Defender
Law Offices of the Public Defender · Indio
Ofc: (760) 863-7559
Fax: (760) 863-8908

---

This email message, including any attachments, is intended for the sole viewing and use of the individual or entity to which it is addressed, and may contain confidential and privileged information, which is prohibited from disclosure. Any unauthorized review, use, disclosure, distribution, or the taking of any action in reliance on the information contained in this email, including attachments, is prohibited. If you are not the intended recipient, you are hereby notified that any dissemination or copy of this message, or any attachment, is strictly prohibited. If you have received a copy of this email in error, please notify the sender by reply email immediately, and remove all copies of the

Exhibit C

CATHEDRAL CITY POLICE DEPARTMENT

# PRISONER JAIL HISTORY

| NAME (LAST, FIRST MIDDLE) | DATE / TIME ARREST | | CASE # |
|---|---|---|---|
| Whiting, Lewis Whiting | 08-10-08 | 11:00:00 | 0808c-2160 |

### RECORD OF TELEPHONE CALLS AND VISITS

| DATE | TIME | NAME OF PERSON | TELEPHONE NUMBER OR ADDRESS | CALL/VISIT | OFFICER SIG. |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### RECORD OF MEALS

| DATE | TIME | TYPE MEAL | OFFICER SIG. |
|---|---|---|---|
| | | | |
| | | | |

### RECORD OF MOVEMENT IN AND OUT OF JAIL

| DATE IN | TIME IN | OFFICER SIG. | DATE OUT | TIME OUT | REASON | OFFICER SIG. |
|---|---|---|---|---|---|---|
| 08-10-08 | 05:49 | | 8-10-08 | 0645 | Cite Released | |
| | | | | | | |
| | | | | | | |

DEPARTMENT COPY

## PRISONERS AUTHORIZATION FOR RELEASE OF PROPERTY

RELEASE TO: _____ THE FOLLOWING DESCRIBED PROPERTY

| CASH / COIN | CLOTHING WORN |
|---|---|
| 143 | gray shirt, gray pants, black shoes, |

OTHER PROPERTY

wallet, cell phone, black wallet, keys, black watch, black plyers, blue hat, misc papers, blue gloves, brown back pack, gray zip up bag, personal care products.

DATE 08-10-08    PRISONER SIGNATURE X REFUSED

RECEIVED FROM (RELEASING OFFICER) _____ THE PROPERTY DESCRIBED ABOVE

RECIPIENTS SIGNATURE _____ ADDRESS _____ DATE _____

RECEIVED FROM CATHEDRAL CITY POLICE DEPARTMENT ALL PROPERTY BELONGING TO ME INCLUDING CASH IN THE AMOUNT OF  $ .43

X REFUSED     X _____
PRISONERS SIGNATURE          OFFICER SIGNATURE

| ARRESTING OFFICER SIGNATURE | ID# | DATE | TIME |
|---|---|---|---|
| X | 2702 | 08-10-2008 | 06:33 hrs |

68-700 AVE LALO GUERRERO - CATHEDRAL CITY, CA 92234-7031

08.10.2008 06:33

# Exhibit D

# CATHEDRAL CITY POLICE DEPARTMENT

| | | CASE # |
|---|---|---|
| Arrest ☒ | 68700 Lalo Guerrero, 33 · Cathedral City, CA 3388 CA0332500 | 0808032160 |
| Crime ☐ | | |
| Non-Criminal ☐ | **Narrative Report** | Page 1 of 4 |

| OFFENSE(S) | OFFENSE(S) cont'd. |
|---|---|
| 653 M(B) PC; Annoying Phone Call:Repeated Calls; Misd. | |

| DATE, TIME AND DAY OF OCCURENCE | DATE AND TIME REPORTED |
|---|---|
| 08/10/08 05:18 Sunday | 08/10/08 05:18 |

| LOCATION OF OCCURENCE | LOCATION NAME | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|
| Date Palm Dr, SOF McCallum Wy | | Parking Lot | | |

NARRATIVE

## ASSIGNMENT:

On Sunday, 08/10/08, Reserve Officer Lemus and I were assigned to stake out the area of Date Palm Dr. and Ramon Rd. in hopes of finding a suspect burglarizing numerous businesses the area in the early morning hours. These burglaries occurred between the hours 0400 hours and 0530 hours, who was wearing dark colored clothing. I was driving an unmarked Cathedral City Police vehicle. This vehicle is equipped with forward facing red and blue emergence lights and a siren. I was wearing a white T-shirt, black pants, my gun and Cathedral City Police badge on my right hip. Reserve Officer Lemus wore a Cathedral City Police class "D" uniform.

I was traveling northbound on Date Palm Dr. north of Baristo Rd. when I saw a person, later identified as: Timothy Whiting (ID# D2839035), wearing all dark clothing walking at a fast pace, south on Date Palm Dr. on the west side of the street. I continued driving north on Date Palm Dr. I turned left (west) onto McCallum Way. I entered the 99 "Cent" store parking lot, 31033 Date Palm Dr. I drove south through the parking lot to position my vehicle in a driveway, to the west of Date Palm Dr., in front of Whiting. Reserve Officer Lemus and I exited the vehicle to speak to Whiting.

I walked up to Whiting and asked him how he was doing. He immediately became very defensive and asked me if he was under arrest while reaching into his back pack. Fearing he may have a weapon, I asked to see his hands and he complied. I explained to Whiting why I wanted to speak to him I told him I was looking for a burglary suspect that may be in the area. He again asked me if he was under arrest and I told him "No," but I was detaining him for investigation, believing he may possibly be involved in the recent burglaries in the area. Whiting told me he believed he was being harassed, because was stopped yesterday (08/09/08) by another officer. I asked Whiting if I could pat him down for weapons which he agreed to let me do. During the course of the pat down I felt, what I believed through your training and experience to be a cell phone in his front right pocket. He reached into his right pocket, retrieved his cell phone and called 9-1-1. He told the 9-1-1 dispatcher he was out with the Cathedral City Police and wanted a witness because he was being harassed. He requested a CHP (California Highway Patrol) unit to witness the contact. Whiting then made the comment, "I can't believe 9-1-1 would hang up on you." He again called 9-1-1 two more

| ADMINISTRATION | | | |
|---|---|---|---|
| OFFICER | DATE/TIME | APPROVED BY | DATE APPROVED |
| 'rd 2702 | 08/15/2008 18:35 | Corwin DeVeas 9703 | 08/15/08 |
| | UNIT/SHIFT | ASSIGNED TO | CASE STATUS |
| | | | Closed |

| | | |
|---|---|---|
| .d/2702 Entered by: Jeffrey Bird | Page 1 of 4 | APDC (Rev. 11/14/07) Print Date: 09/17/2008 |

Case 5:13-cv-00250-BRO-CW Document 35, Filed 08/08/14 Page 43 of 70 Page ID #:299

# CATHEDRAL CITY POLICE DEPARTMENT

CA0332500

## Narrative Report

| Arrest | x |
|---|---|
| Crime | |
| Non-Criminal | |

| OFFENSE(S) | OFFENSE(S) cont'd. |
|---|---|
| 653 M(B) PC; Annoying Phone Call:Repeated Calls; Misd. | |

| DATE, TIME AND DAY OF OCCURENCE | DATE AND TIME REPORTED |
|---|---|
| 08/10/08 05:18 Sunday | 08/10/08 05:18 |

| LOCATION OF OCCURENCE | LOCATION NAME | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|
| Date Palm Dr, SOF McCallum Wy | | Parking Lot | | |

**NARRATIVE**

times.

CHP dispatch patched the 9-1-1 call CCPD dispatchers. CCPD Dispatch verified I was speaking to Whiting. I then told Whiting to hang up the phone which he did. While speaking to Whiting he appeared very agitated he was argumentative and continued making the comment that I was harassing him. I asked Whiting where he was coming from, he replied that he was coming from his girlfriend's house. He refused to tell me where his girlfriend lived and her name. He told me it was, "None of my business," when I asked. I asked him where he was going; he told me he was on his way to work. Whiting refused to tell me where he worked.

While speaking to Whiting I noticed his speech was fast. He appeared very paranoid. Whiting was making fast jerky movements, wide eyed, and appeared skittish. I asked Whiting if he used any kind of drugs. He told me he has never used any drugs. I asked Whiting to stick his tongue out. I noticed a white cakey film on his tongue. I recognized through my training and experience is was consistent, that a person who smokes Methamphetamines will form a white cakey substance on his tongue.

I requested Sgt. Deveas respond to my location. When he arrived I explained to him what the situation was. After speaking to Sgt. Deveas I formed the opinion I had probable cause to arrest Whiting for 653(x) (a) PC-Telephone calls to 9-1-1; intent to annoy or harass; emergency response cost. I also wanted to evaluate Whiting further in a controlled environment.

RHOMBERG TEST:

I instructed Whiting tilt his head back, and eyes closed. I told him to estimate 30 seconds and open his eyes and tell me once he counted to 30 seconds. Whiting estimated 30 seconds as being 17 seconds. The fact Whiting estimated 30 seconds as 17 seconds indicated an increased internal body clock, which is consistent with being under the influence of a controlled substance. While Whiting had his eyes closed I noticed his eyes lids fluttered rapidly.

## ADMINISTRATION

| Y OFFICER | DATE/TIME | APPROVED BY | DATE APPROVED |
|---|---|---|---|
| Bird 2702 | 08/15/2008 18:35 | Corwin DeVeas 9703 | 08/15/08 |
| | UNIT/SHIFT | ASSIGNED TO | CASE STATUS |
| | | | Closed |

# CATHEDRAL CITY POLICE DEPARTMENT

c/o Palo Guerrero 33, Cathedral City, CA 92234

CA0332500

## Narrative Report

| | CASE # |
|---|---|
| | 080802160 |
| | Page 3 of 4 |

Arrest ☐
Crime ☐
Non-Criminal ☐

| OFFENSE(S) | OFFENSE(S) cont'd. |
|---|---|
| 653 M(B) PC; Annoying Phone Call:Repeated Calls; Misd. | |

| DATE, TIME AND DAY OF OCCURENCE | DATE AND TIME REPORTED |
|---|---|
| 08/10/08  05:18 Sunday | 08/10/08  05:18 |

| LOCATION OF OCCURENCE | LOCATION NAME | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|
| Date Palm Dr, SOF McCallum Wy | | Parking Lot | | |

NARRATIVE

**PUPILARY COMPARISON:**

I told Whiting to close his eyes. After approximately one minute, I had Whiting open his eyes as I noted the following: Whiting's pupils were dilated with very little rebound. This occurs when a person has recently ingested a controlled substance. I checked Whiting's pupils using a pupilometer comparison. I noticed his pupils were slow pulsating (hippus). Whiting's pupils were pulsating between 3.5 mm and 2 mm.

**PULSE:**

At about 0525 hours, I estimated Whiting's radial pulse at 124 BPM.

Officer Carbajal transported Whiting to CCPD for booking. During the booking process, he told us he does not have a job. While at CCPD jail I reevaluated Whiting for being under the influence.

**RHOMBERG TEST:**

I instructed Whiting tilt his head back, and eyes closed. I told him to estimate 30 seconds and open his eyes and tell me once he counted to 30 seconds. Whiting estimated 30 seconds as being 22 seconds. The fact Whiting estimated 30 seconds as 22 seconds indicated an increased internal body clock, which is consistent with being under the influence of a controlled substance. While Whiting had his eyes closed I noticed his eyes lids fluttered rapidly.

**PUPILARY COMPARISON:**

I told Whiting to close his eyes. After approximately one minute, I had Whiting open his eyes as I noted the following: Whiting's pupils were dilated with very little rebound. This occurs when a person has recently ingested a controlled substance. I checked Whiting's pupils using a pupilometer comparison. I noticed his pupils were reacting normal. Whiting's pupils were 4 mm with indirect light and approximately 3.5 using direct light from a pocket pen light.

| ADMINISTRATION | | | |
|---|---|---|---|
| BY OFFICER | DATE/TIME | APPROVED BY | DATE APPROVED |
| J. Bird  2702 | 08/15/2008  18:35 | Corwin DeVeas  9703 | 08/15/08 |
| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS |
| | | | Closed |

# CATHEDRAL CITY POLICE DEPARTMENT

68700 Lalo Guerrero, Cathedral City, CA 92234

CA0332500

| | CASE # 08-08-2160 |
|---|---|
| Arrest ☐ | |
| Crime ☐ | |
| Non-Criminal ☐ | Page 4 of 4 |

## Narrative Report

| OFFENSE(S) | OFFENSE(S) cont'd. |
|---|---|
| 653 M(B) PC; Annoying Phone Call:Repeated Calls; Misd. | |

| DATE, TIME AND DAY OF OCCURENCE | DATE AND TIME REPORTED |
|---|---|
| 08/10/08  05:18 Sunday | 08/10/08  05:18 |

| LOCATION OF OCCURENCE | LOCATION NAME | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|
| Date Palm Dr, SOF McCallum Wy | | Parking Lot | | |

**NARRATIVE**

PULSE:

At about 0604 hours, I estimated Whiting's radial pulse at 88 BPM.

I formed the opinion Whiting was not under the influence of a controlled substance.

While at CCPD I read Whiting his Miranda Rights.  He refused to speak to us and requested to speak to a lawyer.

Whiting was later released per 849(b) PC.

CASE STATUS:

Due to the interest of justice this case will be closed no charges.

| ADMINISTRATION | | | |
|---|---|---|---|
| BY OFFICER J. Bird  2702 | DATE/TIME 08/15/2008  18:35 | APPROVED BY Corwin DeVeas  9703 | DATE APPROVED 08/15/08 |
| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS Closed |

# Exhibit E

| Arrest | ☐ |
| Crime | ☒ |
| Non-Criminal | ☐ |

# CATHEDRAL CITY POLICE DEPARTMENT
68700 Lalo Guerrero, Cathedral City, CA 92234
CA0332500

## Supplemental Report

CASE #
**0607C-3599**

PAGE
**1** OF **2**

| OFFENSE(S) | OFFENSE(S) cont'd. |
|---|---|
| 647.6 PC; Annoy/Molest Children; Misd. | |

| DATE, TIME AND DAY OF OCCURENCE | DATE AND TIME REPORTED |
|---|---|
| 07/25/06  06:00 Tuesday | 07/25/06  17:40 |

| LOCATION OF OCCURENCE | LOCATION NAME | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|
| East Palm Canyon Dr, Monty Hall Dr | | | | |

| CASE SUMMARY |
|---|
| Possible suspect name. |

## SUSPECT(S) / ARRESTEE(S)
Codes: S = Suspect  A = Arrestee  D = Detainee  SV - Suspect/Victim  AV - Arrestee/Victim  DV - Detainee/Victim

| CODE | NAME - LAST, FIRST, MIDDLE, SUFFIX | HOME | CELLULAR |
|---|---|---|---|
| **S**  1 OF 1 | Whiting, Timothy Lewis | 31675 Victor Rd , Cthdrl Cty, CA 92234 | (760) 641-5327 |

| RACE | SEX | HT | WT | HAIR | EYE | AGE | DOB | HOME | PHONE 2 |
|---|---|---|---|---|---|---|---|---|---|
| B | M | 5'11" | 172 | BLK | BRO | 42 | 09/05/1963 | 3125 Escoba , Palm Springs, CA 92262 | |

| OCCUPATION | INJURIES | HOME | PHONE 3 |
|---|---|---|---|
| Hotel work | | | |

| SCARS / MARKS / TATTOOS | AKA's | ARRESTEE DISPOSITION | RELEASE LOCATION | ARREST DATE / TIME |
|---|---|---|---|---|
| YES ☒  NO ☐  (See Person on Profile Report for SMT info.) | White, Tim | | | / |

| DL | STATE | ARRESTED | BOOKING # | WARRANT | CITATION # | SS# | CII# |
|---|---|---|---|---|---|---|---|
| D2839035 | CA | YES ☐  NO ☒ | | YES ☐  NO ☒ | | 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 | A25847466 |

| CHARGES |
|---|
| 647.6 PC (1) |

### NARRATIVE

The following is a supplemental report to my Supp-1 Report, case # of 0607-3599.  Refer to my report for information regarding this case.

FACTS:
On 083006, the suspect in this case identified himself as Timothy Whiting (DOB 090563) to CCPD Detective Secretary Sandra.  He called wanting to know who was questioning him regarding this case.  He attempted to report he was being harassed by a subject who was impersonating a police officer.

Timothy confirmed his name, and his cellular phone # to Sandra.  The cellular phone # number was listed on Ofc Van Gorder's report.

At the time of this report the victim nor her mother has contacted me regarding this case and desiring prosecution.

The suspect has verbally identified himself, and  the information was confirmed through a records check.

STATUS:

## ADMINISTRATION

| FOLLOW-UP | COPIES TO: | | | | | | |
|---|---|---|---|---|---|---|---|
| YES ☐  NO ☒ | ☐ PAT. | ☐ DET. | ☐ DA | ☐ COURT | ☐ PROBATION | ☐ VWAP | ☐ OTHER |

| BY OFFICER | DATE/TIME | APPROVED BY | DATE APPROVED |
|---|---|---|---|
| C. DeVeas 9703 | 08/31/2006 17:01 | Earl Moss 8908 | 09/01/06 |

| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS |
|---|---|---|---|
| | | | Closed |

# CATHEDRAL CITY POLICE DEPARTMENT
68700 Lalo Guerrero, Cathedral City, CA  92234

CA0332500

## Supplemental Report

| | |
|---|---|
| Arrest ☐ | CASE # **0607C-3599** |
| Crime ☒ | PAGE **2** OF **2** |
| Non-Criminal ☐ | |

| OFFENSE(S) | OFFENSE(S) cont'd. |
|---|---|
| **647.6 PC; Annoy/Molest Children; Misd.** | |

| DATE, TIME AND DAY OF OCCURENCE | DATE AND TIME REPORTED |
|---|---|
| **07/25/06  06:00 Tuesday** | **07/25/06  17:40** |

| LOCATION OF OCCURENCE | LOCATION NAME | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|
| **East Palm Canyon Dr,  Monty Hall Dr** | | | | |

CASE SUMMARY
**Possible suspect name.**

NARRATIVE

Closed.

---

## ADMINISTRATION

| FOLLOW-UP | COPIES TO: | | | | | | |
|---|---|---|---|---|---|---|---|
| YES ☐  NO ☒ | ☐ PAT. | ☐ DET. | ☐ DA | ☐ COURT | ☐ PROBATION | ☐ VWAP | ☐ OTHER |

| BY OFFICER | DATE/TIME | APPROVED BY | DATE APPROVED |
|---|---|---|---|
| **C. DeVeas  9703** | **08/31/2006  17:01** | **Earl Moss  8908** | **09/01/06** |

| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS |
|---|---|---|---|
| | | | **Closed** |

Supp-2-DeVea/9703  Entered by: Corwin DeVeas          APDC  (Rev. 03/5/10)   Print Date: 07/25/2012

Exhibit F

**CATHEDRAL CITY POLICE DEPARTMENT**

| | | CASE # |
|---|---|---|
| Arrest ☐ | 68700 Lalo Guerrero, Cathedral City, CA 92234 | 0607C-3599 |
| Crime ☒ | CA0332500 | |
| Non-Criminal ☐ | **Narrative Report** | Page 1 of 2 |

| OFFENSE(S) | OFFENSE(S) cont'd. |
|---|---|
| 647.6 PC; Annoy/Molest Children; Misd. | |

| DATE, TIME AND DAY OF OCCURENCE | DATE AND TIME REPORTED |
|---|---|
| 07/25/06  06:00 Tuesday | 07/25/06  17:40 |

| LOCATION OF OCCURENCE | LOCATION NAME | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|
| East Palm Canyon Dr, Monty Hall Dr | | | | |

NARRATIVE

On 7-25-06 at 1811 hours I received a radio call of a possible Child Annoying and was advised the Victim and her mother were in the lobby at CCPD.

I went to the lobby and spoke with the Victim and her mother,

The Victim said she had met the Suspect, "Tim", while riding the Sun Bus to summer school. The Victim gets on the bus at East Palm Cyn. and Monty Hall. She said he introduced himself about two weeks ago and they talk while riding the bus. The Victim said Tim told her he works at The Lodge in Rancho Mirage.

On 7-25-06, Tim gave the Victim and envelope with her name on it. When she opened it she found it was a note from Tim. It contained a $20.00 bill and a note written on the inside. The note said Tim wanted to be her "secret friend" and he thought she was beautiful and sexy.

Tim told her if she did not want the card, she should throw it away and "tear up the evidence." He told her she could keep the money.

The Victim did not respond to Tim. When she arrived home, she told her mother of the situation and they came to CCPD to report the incident.

I asked if Tim rode the bus every day and where he got on the bus. The Victim said he got on the bus at the same stop that she did. (East Palm Cyn. and Monty Hall) She said she had seen him every day that she rode the bus for the last two weeks.

I went to the bus stop at 0540 hours on 7-26-06 and waited to see if an individual who matched his description was waiting for a bus. I did not see anyone matching Tim's description at the bus stop.

The phone number on the card was not called in order to not alert Tim to police interest in him at this time.

The greeting card and the $20 bill were booked as evidence. Photo copies were made and are included with this report.

| **ADMINISTRATION** | | | |
|---|---|---|---|
| BY OFFICER | DATE/TIME | APPROVED BY | DATE APPROVED |
| J. Van Gorder 2510 | 08/01/2006 02:50 | Paul Herrera 9408 | 08/01/06 |
| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS |
| | | | Inactive |

| Arrest | |
|---|---|
| Crime | x |
| Non-Criminal | |

# CATHEDRAL CITY POLICE DEPARTMENT
68700 Lalo Guerrero, Cathedral City, CA 92234
CA0332500

## Narrative Report

CASE #
**0607C-3599**

Page 2 of 2

| OFFENSE(S)<br>647.6 PC; Annoy/Molest Children; Misd. | OFFENSE(S) cont'd. |
|---|---|

| DATE, TIME AND DAY OF OCCURENCE<br>**07/25/06  06:00 Tuesday** | DATE AND TIME REPORTED<br>**07/25/06  17:40** |
|---|---|

| LOCATION OF OCCURENCE<br>East Palm Canyon Dr, Monty Hall Dr | LOCATION NAME | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|

NARRATIVE

Refer to Investigations Division for review.

## ADMINISTRATION

| BY OFFICER<br>J. Van Gorder  2510 | DATE/TIME<br>08/01/2006  02:50 | APPROVED BY<br>Paul Herrera  9408 | DATE APPROVED<br>08/01/06 |
|---|---|---|---|
| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS<br>Inactive |

Exhibit G

# CATHEDRAL CITY POLICE DEPARTMENT

68700 Lalo Guerrero, Cathedral City, CA 92234

CA0332500

## Supplemental Report

| | | |
|---|---|---|
| Arrest ☐ | | CASE # 0607C-3599 |
| Crime ☒ | | PAGE 1 OF 2 |
| Non-Criminal ☐ | | |

| OFFENSE(S) | OFFENSE(S) cont'd. |
|---|---|
| 647.6 PC; Annoy/Molest Children; Misd. | |

| DATE, TIME AND DAY OF OCCURENCE | DATE AND TIME REPORTED |
|---|---|
| 07/25/06 06:00 Tuesday | 07/25/06 17:40 |

| LOCATION OF OCCURENCE | LOCATION NAME | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|
| East Palm Canyon Dr, Monty Hall Dr | | | | |

**CASE SUMMARY**
No suspect information.

## SUSPECT(S) / ARRESTEE(S)

Codes: S = Suspect  A = Arrestee  D = Detainee  SV - Suspect/Victim  AV - Arrestee/Victim  DV - Detainee/Victim

| CODE | NAME - LAST, FIRST, MIDDLE, SUFFIX | ADDRESS 1 | CELLULAR |
|---|---|---|---|
| S 1 of 1 | Unknown, Tim | Unknown , , | (760) 641-5327 |

| RACE | SEX | HT | WT | HAIR | EYE | AGE | DOB | ADDRESS 2 | PHONE 2 |
|---|---|---|---|---|---|---|---|---|---|
| B | M | 5'07" | 140 | | | 30-35 | | | |

| OCCUPATION | INJURIES | ADDRESS 3 | PHONE 3 |
|---|---|---|---|
| Hotel Coordinator | | | |

| SCARS / MARKS / TATTOOS | AKA'S | ARRESTEE DISPOSITION | RELEASE LOCATION | ARREST DATE / TIME |
|---|---|---|---|---|
| YES ☐ NO ☐ | | | | / |

| DL | STATE | ARRESTED | BOOKING # | WARRANT | CITATION # | SS# | CII# |
|---|---|---|---|---|---|---|---|
| | | YES ☐ NO ☒ | | YES ☐ NO ☒ | | | |

**CHARGES**
647.6 PC (1)

**NARRATIVE**

The following is a supplemental report to Ofc Van Gorder's CR-1 report, case # of 0607-3599. Refer to his report for his investigations.

FACTS:
On 080406, Det Sgt Moss assigned me this case.

On 083006, I attempted to call the victim and her mother at (760) 899-2794. The phone had since, been disconnected.

I called the cellular phone of the suspect at (760) 641-5397. I contacted a subject who verbally identified himself as "Tim White," with at date of birth of 090563. Tim was hostile upon contact and said he did not do anything wrong. He refused to give me his personal information and demanded to know why I wanted to speak about this situation. He said the victim was actually the person who approached him, and she had some of her family members call and threaten him.

He refused to cooperate and we concluded our conversation.

I ran his name and date of birth and found no matched. The only similar match was a

## ADMINISTRATION

| FOLLOW-UP | COPIES TO: | | | | | | |
|---|---|---|---|---|---|---|---|
| YES ☐ NO ☒ | ☐ PAT. | ☐ DET. | ☐ DA | ☐ COURT | ☐ PROBATION | ☐ VWAP | ☐ OTHER |

| BY OFFICER | DATE/TIME | APPROVED BY | DATE APPROVED |
|---|---|---|---|
| C. DeVeas 9703 | 08/30/2006 14:04 | Earl Moss 8908 | 09/01/06 |

| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS |
|---|---|---|---|
| | | | Inactive |

Supp-1-DeVea/9703 Entered by: Corwin DeVeas        APDC (Rev. 03/5/10) Print Date: 07/25/2012

| Arrest | ☐ |
| Crime | ☒ |
| Non-Criminal | ☐ |

# CATHEDRAL CITY POLICE DEPARTMENT

68700 Lalo Guerrero, Cathedral City, CA 92234

CA0332500

## Supplemental Report

CASE # 0607C-3599

PAGE 2 OF 2

| OFFENSE(S) | OFFENSE(S) cont'd. |
|---|---|
| 647.6 PC; Annoy/Molest Children; Misd. | |

| DATE, TIME AND DAY OF OCCURENCE | DATE AND TIME REPORTED |
|---|---|
| 07/25/06 06:00 Tuesday | 07/25/06 17:40 |

| LOCATION OF OCCURENCE | LOCATION NAME | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|
| East Palm Canyon Dr, Monty Hall Dr | | | | |

**CASE SUMMARY**
No suspect information.

**NARRATIVE**

"Timothy Patrick White" with a date of birth of 090580. The physical description did not match for the suspect described in Ofc Van Gorder's report.

I called the Lodge, in Rancho Mirage, Ca at (760) 321-8200, for "Tim's." I knew the Lodge has recently closed for renovation for 18 months, but I attempted to call anyway. The phone continuously rang.

At the time of this report "Tim" is not identified.

Due to (p)         not following up with the status this case and no other incidences occurring after the date of Ofc Van Gorder's report it appears this incident appears to have resolved itself.

A supplemental report will follow by me if any further incidences occur.

STATUS:
Inactive.

## ADMINISTRATION

| FOLLOW-UP YES ☐ NO ☒ | COPIES TO: ☐ PAT. ☐ DET. ☐ DA ☐ COURT ☐ PROBATION ☐ VWAP ☐ OTHER | | |
|---|---|---|---|
| BY OFFICER C. DeVeas 9703 | DATE/TIME 08/30/2006 14:04 | APPROVED BY Earl Moss 8908 | DATE APPROVED 09/01/06 |
| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS Inactive |

Supp-1-DeVea/9703  Entered by: Corwin DeVeas          APDC (Rev. 03/5/10)  Print Date: 07/25/2012

# Exhibit H



## Cathedral City
POLICE DEPARTMENT

August 25, 2008

Timothy Lewis Whiting
General Delivery
Cathedral City Ca  92234

Dear Mr. Whiting:

This letter is written to advise you that we have received your complaint regarding the incident, which occurred 12/23/08. Our department is reviewing your complaint (2008-07) and you will be advised of the outcome of the investigation, when the process has been completed.

Yours truly,

Stanley E. Henry
Chief of Police

< 394

770 = C301

# Exhibit I



# Cathedral City
## POLICE DEPARTMENT

September 3, 2008

Timothy Lewis Whiting
General Delivery
Cathedral City Ca  92234

Dear Mr. Whiting:

This letter is written to advise you that we have received your complaint regarding the incident, which occurred in August 2008.  Our department is reviewing your complaint (2008-08) and you will be advised of the outcome of the investigation, when the process has been completed.

Yours truly,

Stanley E. Henry
Chief of Police

Exhibit J

FILE NUMBER

*0808G-2160*

# DETENTION CERTIFICATE

As required by the provisions of Penal Code Section 851.6, I hereby certify that the taking

into custody of _____*Timothy I Whiting*_____ on _*8/10/2008*_
                             (Subject's Name)                           (Date)

by the Cathedral City Police Department was a detention only, not an arrest.

_____*Timothy L. Whiting*_____ was released on _*8/14/2008*_
             (Subject's Name)                                 (Date)

by the Cathedral City Police Department. Pertinent portions of Penal Code Sections 849, 849.5 and 851.6 are included as part of this certificate.

Signed: _*Laura G. Hamel*_

Title and/or ID No.: _*Lieutenant / 8408*_

Penal Code Section 849 provides, in part:

(a) When an arrest is made without a warrant by a peace officer or private person, the person arrested, if not otherwise released, shall, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the offense is triable, and a complaint stating the charge against the arrested person shall be laid before such magistrate.

(b) Any peace officer may release from custody, instead of taking such person before a magistrate, any person arrested without a warrant whenever:

(1) He is satisfied that there are insufficient grounds for making a criminal complaint against the person arrested.

(3) The person was arrested only for being under the influence of a narcotic, drug, or restricted dangerous drug and such person is delivered to a facility or hospital for treatment and no further proceedings are desirable.

(c) Any record of arrest of a person released pursuant to paragraphs (1) and (3) of subdivision (b) shall include a record of release. Thereafter, such arrest shall not be deemed an arrest, but a detention.

Penal Code Section 849.5 provides:

In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, any record of arrest of the person shall include a record of release. Thereafter, the arrest shall not be deemed an arrest, but a detention only.

Penal Code Section 851.6 provides, in part:

(a) In any case in which a person is arrested and released pursuant to paragraph (1) or (3) of subdivision (b) of Section 849, the person shall be issued a certificate, signed by the releasing officer or his superior officer, describing the action as a detention.

(b) In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, the person shall be issued a certificate by the law enforcement agency which arrested him describing the action as a detention.

Exhibit K

Timothy L. Whiting
General Delivery
Cathedral City, CA 92234

February 04, 2009

FEB  4 2009

Pat Hammers, City Clerk
Charles R. Green, City Attorney
Stan Henry, Chief of Police
City of Cathedral City
68-700 Avenida Lalo Guerrero
Cathedral City, CA 92234
Tele: 760-770-0300

Re:   **Request for Further Formal Investigation into My Complaints Against the
Cathedral City Police Department under Personnel Complaint Procedure, Section
1020.**

Dear Sir/Madam,

On January 26, 2009, from 9:15am to 11:15am, a two hour interview took place in the
office of a high ranking Cathedral City police officer. The content of this unannounced interview
referenced my interests and my recent 2008 pending racial profiling/ police harassment
complaints.  At this interview, Captain Kevin Connor (Captain Connor) made specific revelations
and admissions but denied any wrong doing by up to nine police officers who took part in my
detainments/ arrest.  However, I wholeheartedly believe that the police detentions were illegal
and my arrest unlawful.

Inconclusively, the internal investigator(s) and Captain Connor—who rationalized the
triviality of home security surveillance video—failed to completely scrutinize all the available
evidentiary facts which could have undeniably proven my complaints of intentional and
purposeful harassment by his subordinate police officers or at the least supported the police
department's charge of making false complaints against me.

Therefore, I am unconvinced that my complaints were fully investigated by the Cathedral
City Police Department and request for a further formal investigation into my complaints of
Racial Profiling (Event #0808C-1402: August 07, 2008), Police Harassment (Event #0808C-
2160: August 10, 2008), and Police Harassment (Event #0811C-5449: November 22, 2008).

Sincerely,

Timothy Lewis Whiting
General Delivery
Cathedral City, CA 92234

CATHEDRAL CITY
POLICE DEPARTMENT
68-700 Ave. Lalo Guerrero
Cathedral City CA  92234

**Cc: Indio, Eastern Division, Assistant District Attorney, Bill Mitchell.**
**Cc: Personal Files.**

02-04-09

Exhibit L

CH - 100 Item 6 - Describe Harassment

June 11, 2009

DEMAND FOR PUBLIC RECORDS
[California Government Code Section 6250 et seq.;
California Evidence Code Section 413]

Records Custodian
Anita Singleterry, Police Department
68-700 Avenida Lalo Guerrero
Cathedral City, CA 92234
Tele: 760-770-0300

**RE: <u>4th Incident Claim of Police Misconduct Due To Cathedral City Police Department's
Prolongation of Retaliatory and Conspiratorial Behavior Towards Me for Having Filed
Complaints Against Thirteen Officers.</u>**

Dear Records Custodian:

This ***California Public Records Act*** request has been written as a result of recent
incidents which conclude an ongoing Cathedral City Police Department (CCPD) retaliatory
conspiracy with other "friendly" Coachella Valley (Inland Empire) law enforcement entities
(Palm Springs, Palm Desert, Indio, and La Quinta) as well as employees who work for private
security firms, public libraries, shopping malls, food stores, bookstores, SunLine Bus Transit
Authority, hospitals, temporary day work centers, etc. CCPD and its law enforcement cronies
sole purpose **(with assistance from FBI national databases such as the Terror Watch List or
Violent Criminal Apprehension Program [VICAP])**, is to intimidate, embarrass, humiliate,
defame, and slander with the ultimate objective of attempting **(1)** to force me to leave the city—
Coachella Valley—because of my <u>temporary</u> social status as a U.S. Military Homeless Veteran in
hopes of preventing my future federal civil rights law suit **(2)** to possibly influence and taint the
minds of future jurists who may end up hearing my civil law suit cases against CCPD and
SunLine Transit Authority and **(3)** to cause me severe physical, mental and/or bodily injury.

Based on the aforementioned, I volunteer to give my explanations relating to this CPRA
request set here forthwith.

First, on May 21, 2009, I contacted CCPD Lieutenant Laura Hanlon (Hanlon) to inform
her of my recent discovery that Police Officer Jeffrey Bird (Bird), badge# 2702, committed an act
of falsification of a police report dated on August 10, 2008. I explained to Hanlon that Bird
intentionally <u>lied</u> in his report by stating that I had given him the alias (aka) name of "Tim
White". I vehemently protested to Hanlon that I have <u>never</u> given any law enforcement officer an
alias name (aka), because I <u>do not</u> have one. Hanlon sarcastically replied, "How did you find that

out?" I responded by simply saying, "Research!" Due to Hanlon's time restrictions, our telephone conversation ended abruptly with nothing further being said. For reasons unknown at that time, I was dumbfounded as to "Why?" CCPD would label me with this so called alias (aka) name of "Tim White". But as I progressed into my legal research via internet, I later found my answer on the California Attorney General Meagan's Law Website. Shockingly on this website, I identified a convicted sexual child molester named Timothy Lanorris White (an African-American male) who uses the alias (aka) name of "Tim White". Mr. White has the same first name as I do and who has a strikingly resemblance to my physical/ bodily characteristics (age, skin color, weight, height, and facial features), so I think CCPD labeling me with this "AKA" is of no mere coincidence but done with malicious intent. With this newly discovered sexual assault information, I was able to put "2 and 2" together by which I recalled a previous impromptu interview with a CCPD senior officer who oddly referenced a sexual matter back in January 2009.

Suspiciously, on January 26, 2009, at about 9:05am, while awaiting to pick-up copies of documents in the main lobby area at the CCPD, Captain Kevin Connor (Connor) did approach and request of me a brief two minute interview in his office; however, a couple of minutes, ended-up lasting just over two hours. The content of this unannounced interview, in my mind, was to have Connor update me with information regarding my <u>complaint of racial profiling</u> and <u>three complaints of police harassment</u> against <u>thirteen</u> officers. During this interview, Connor made specific revelations and admissions but denied any wrong doing by <u>any</u> of the thirteen officers who took part in my illegal stops, detainments, and arrest. Yet, in the same breath, while slightly covering his mouth with his right-hand, Connor verbally apologized on the behalf of the CCPD by saying, "I am sorry if we…" and further admitted that a junior officer "…did not know what he was doing." In addition, quite suspiciously and totally off subject, Connor— hypothetically speaking—made reference to a man who goes around the community climbing through women's bedroom windows sexually assaulting them with a sex toy. For the reason that my complaints had absolutely NOTHING to do with sexual assault, I failed to understand Connor's rationale in giving such an example, because I am <u>NOT</u> a sexual predator, child molester, sexual deviant, sexual pervert, serial killer/rapist, etc. Let it be known, that if any law enforcement agency throughout the entire country has a scintilla of evidence or a witness(s) in dispute then please make that person(s) known and I shall turn them into <u>liars</u> and <u>perjurers</u> in a court of law.

Looking back at both incidents involving Hanlon and Connor, I put "2 and 2" together, and have come to the realization that CCPD has purposefully labeled me as a potential serial sexual child molester, rapist, or killer. Also, it has been established with much probability that top

officers within CCPD (Chief Henry, Captain Connors, and Lieutenant Hanlon) have used their "friendly" contacts inside the law enforcement community to open-up a bogus investigation against me relating to some unknown form of sexual assault. This "green light" given to CCPD by the FBI or some other higher authority makes my name readily available for input in one of the national databases (Terror Watch List, VICAP, etc.) which can provide almost 24 hour monitoring and tracking of suspected violent persons. As a matter of fact, I can give photographic confirmation that I am being monitored and followed resulting from my name being active in one of these databases. Moreover, if I were to subpoena certain private security firms' logbooks you would find info showing contact date/times by certain law enforcement personnel who have been given the job keeping track of me.

As for all the previous reasons given that includes CCPD's verbal apology, along with, having received from Lieutenant Laura Hanlon a **Detention Certificate** which basically states that there was insufficient evidence and no probable cause for my arrest, pursuant to **California Government Code Section § 6250, et seq.,** I request the full names and badge numbers of the twelve police officers who were involved in my stop(s), detention(s), harassment, and arrest. I also request the full names and badge numbers of the police officers who were assigned the task of conducting the internal investigation. Please provide the requested information resulting from my police misconduct complaints of **Racial Profiling (Event #0808C-1402: August 07, 2008), Police Harassment (Event #0808C-2160: August 10, 2008), and Police Harassment (Event #0811C-5449: November 22, 2008)** as specifically described and listed by number on **Attachment "A".**

You are hereby notified and advised that any person, including the addressee, who intentionally delays, obstructs, or prevents a full and accurate response to this lawful Request; or who provides misleading or altered materials in response thereto, in whole or in part, may be in violation of federal and/ or state law as a co-defendant, co-conspirator, or accomplice after the fact, for prior unlawful acts related to those materials.

You are hereby notified and advised that in that event, pursuant to **California Evidence Code Section 413,** we reserve the right to offer evidence that materials responsive to this request were wrongly withheld; for the purpose of aiding and concealing unlawful acts; and in admission of a consciousness of wrongdoing.

In any event, please provide a signed notification citing the legal authorities on whom you rely if you determine that any or all of the information is exempt and will not be disclosed. I ask for a determination on this request within 10 days of your receipt of it, and an even prompter reply if you can make that determination without having to review the record[s] in question.

3

Thank you for your time and attention to this matter.

**I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.**

**Executed on <u>June 11, 2009</u>     Signature** _____

TIMOTHY LEWIS WHITING

<u>Mailing address:</u>
Timothy Lewis Whiting
General Delivery
Cathedral City, CA 92234

Cc: U.S. Department of Justice, Civil Rights Division, Washington, D.C.

Cc:  NAACP, National Headquarters, Baltimore, Maryland.

Cc: ACLU Campaign against Police Misconduct, NY, New York.

Cc: Riverside County, Attorney General, Edmund G. Brown Jr.

Cc: City Manager of Cathedral City, Donald Bradley.

Cc: Cathedral City, Police Chief, Stan Henry.

Cc: The Desert Sun, Editor

Cc: Personal Files.

4

Exhibit M



## Cathedral City

POLICE DEPARTMENT

January 28, 2009

Timothy Lewis Whiting
General Delivery
Cathedral City  Ca  92234

RE:          Incident date November 22, 2008

Dear Mr. Whiting:

This letter is written to advise you that your complaint regarding the above-mentioned incident, has been investigated.   The process of interviewing those involved is now complete.

I have reviewed the completed internal affairs investigation (2008-C) resulting from the complaint you filed and I do not find any violation of departmental policy.

Yours truly,

Stanley E. Henry
Chief of Police

68-700 AVENIDA LALO GUERRERO  •  CATHEDRAL CITY, CA 92234-7031  •  760/770-0300  •  FAX: 760/202-1469

## PROOF OF SERVICE BY MAIL

**In re**:  **Plaintiff's First Amended Verified Complaint**

**Caption:** Whiting v. City of Cathedral City, No. EDCV 13-250 CAS (CW)

**Filed**:  United States District Court, Central District of California

STATE OF CALIFORNIA  )
                              )  ss.
COUNTY OF RIVERSIDE  )

I am a citizen of the United States and a resident of the City of Indio, County of Riverside; I am over the age of eighteen years and not a party to the within action; my business address is P.O. Box 6959, La Quinta, California 92248. On this date, I served the persons interested in this action by placing one copy of the above-entitled document in sealed envelopes with first-class postage fully prepaid in the United States post office mailbox at Indio, California, addressed as follows:

| | |
|---|---|
| Peter James Ferguson<br>Attorney at Law<br>1631 E. 18th Street<br>Santa Ana, California 92705 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Executed at Indio, California,** _Feb 28,_ , 2014.

_WILLIE L. WHITING JR_
PRINT NAME

_Willie L. Whiting Jr_
SIGNATURE