UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY LEWIS WHITING, | ) | No. EDCV 13-250-BRO(CW) |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION OF |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| CITY OF CATHEDRAL CITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This Report and Recommendation is submitted to the Honorable Beverly Reid O'Connell, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California. This action should be dismissed for reasons stated below.

## BACKGROUND

Plaintiff Timothy Whiting, proceeding pro se, originally filed his Complaint in California Superior Court, Riverside County. [Docket no. 1, Ex. A.] The action was removed to this court on February 8, 2013, with the filing fee paid by Defendants. [Docket no. 1.] On February 15, 2013, Defendants moved to dismiss and filed a supporting

memorandum. [Docket nos. 6, 7.] Plaintiff's opposition was filed on April 8, 2013. [Docket no. 17.] Defendants' reply was filed on April 10, 2013. [Docket no. 16.] Plaintiff's request to proceed in forma pauperis was filed on May 30, 2013, and was granted in a minute order filed October 17, 2013. [Docket nos. 24, 30.] Plaintiff's motion for remand to the superior court was denied in a minute order filed January 22, 2014. [Docket no. 31.]

The court reviewed Plaintiff's Complaint, found it subject to dismissal, and ordered it dismissed, with leave to amend, in the Memorandum and Order filed January 30, 2014. [Docket no. 32.] Plaintiff's First Amended Complaint ("FAC") was filed on March 3, 2014. [Docket no. 33.] Defendants again moved to dismiss on March 21, 2014. [Docket no. 34.] Plaintiff again filed opposition on March 28, 2014. [Docket no. 35] Defendants again replied on April 2, 2014. [Docket no. 37.] The matter has been taken under submission without oral argument. [Minute order filed April 8, 2014, docket no. 38.]

### STANDARD OF REVIEW

Complaints such as Plaintiff's are subject to the court's sua sponte review under provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). See 28 U.S.C. § 1915A(a).

> Notwithstanding any filing fee . . . that may have been paid, the court shall dismiss that case at any time if the court determines that . . . the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant immune from such relief.

28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122,

1126-27 and n.7 (9th Cir. 2000)(en banc).

"A claim is 'frivolous' when it is without 'basis in law or fact,' and 'malicious' when it is 'filed with the intention or desire to harm another.'" Knapp v. Hogan, 738 F.3d. 1106, 1109 (9th Cir. 2013)(quoting Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005)). "Failure to state a claim" has the same meaning on PLRA review that it has in review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Knapp, id. (citing Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 893 (9th Cir. 2011)). A Rule 12(b)(6) motion to dismiss for failure to state a claim "'tests the legal sufficiency of a claim.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Dismissal for failure to state a claim may be based on "'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force, 646 F.3d at 1242 (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). A complaint may also be dismissed for failure to state a claim if it discloses a fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984)(citing 2A Moore's Federal Practice ¶ 12.08).

To survive review for failure to state a claim, a complaint must allege facts sufficient "'to state a facially plausible claim to relief.'" Conservation Force, 646 F.3d at 1242 (quoting Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir.2010)). The Ninth Circuit has summarized the standard as follows:

> A complaint is properly dismissed under Rule 12(b)(6) unless it contains "enough facts to state a claim to relief that is plausible on its face." Coto Settlement v. Eisenberg, 593

1  F.3d 1031, 1034 (9th Cir. 2010)(quoting <u>Ashcroft v. Iqbal</u>,
2  556 U.S. 662, 697, 129 S. Ct. 1937, 173 L. Ed. 2d 868
3  (2009)).  Well-pleaded factual allegations are taken as
4  true, but conclusory statements or "bare assertions" are
5  discounted.  <u>See</u> <u>Chavez v. United States</u>, 683 F.3d 1102,
6  1108 (9th Cir.2012); <u>see also</u> <u>Iqbal</u>, 556 U.S. at 681, 129 S.
7  Ct. 1937.

<u>Recinto v. U.S. Dept. of Veterans Affairs</u>, 706 F.3d 1171, 1177 (9th Cir. 2013).

If a complaint fails this review, a court may dismiss it with or without leave to amend.  <u>Lopez</u>, 203 F.3d at 1126-30.  Leave to amend should be granted if it appears that defects can be corrected, especially if a plaintiff is appearing pro se.  <u>Id.</u> at 1130-31.  If, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  <u>See</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1107-11 (9th Cir. 1995).

**PLAINTIFF'S ALLEGATIONS AND CLAIMS**

In the FAC, Plaintiff has repeated the claim raised in his initial Complaint, without correcting the defects discussed in the Memorandum and Order.  Plaintiff names seven defendants: the City of Cathedral City and six employees of the Cathedral City Police Department, each named in an individual capacity only, namely Dispatcher Sandra Hatfield, former Police Chief Stanley Henry, and four Officers, Earl Moss, Corwin Deveas, Paul Herrera, and James Van Gorder.  [FAC generally.]

Plaintiff alleges that, on July 12, 2012, he asked at the Desert Hot Springs Police Department for a letter verifying that he had no arrest record.  An employee searched the arrest data base, verified

1  that Plaintiff had no arrest record there, but told him that he
2  "should visit the Cathedral City Police Department." [FAC p. 13.]
3      On August 7, 2008, Plaintiff had accused a Cathedral City police
4  officer of racially profiling and illegally detaining him. On August
5  10, 2008, Plaintiff was arrested by Cathedral City police officers.
6  On February 12, 2009, Plaintiff petitioned to have the record of this
7  allegedly illegal arrest sealed and destroyed, and the California
8  Department of Justice so ordered on May 20, 2009. [FAC pp. 9-13; 8;
9  August 10, 2008 arrest report at FAC Exhibit ("Ex.") D.][1]
10     On July 24, 2012, Plaintiff asked at the Cathedral City Police
11 Department about any arrest records there, and an employee searched
12 the data base, found the record of the August 10, 2008 arrest (which
13 should have been sealed), and also found a record of an investigation
14 into a report of an incident involving a child that allegedly occurred
15 on July 25, 2006. The employee informed Plaintiff that the 2008
16 incident would be removed from the database, that the investigation of
17 the 2006 incident had been closed on September 1, 2006, and that the
18 record of the 2006 incident would be sent to the California Department
19 of Justice to be sealed. [FAC pp. 13-14.]
20     On July 25, 2012, Plaintiff received a copy of the record of the
21 2006 incident, which may be summarized as follows. In a report dated
22 August 1, 2006, Defendant Officer Van Gorder stated that on July 25,
23 2006, he received a call about a possible "child annoying," and spoke
24 with a girl who reported an incident involving a man who called
25 himself Tim who regularly rode the same bus she did. "Tim" allegedly
26 gave the girl a card containing money, a cell phone number, and a

---

[1] The August 10, 2008 report ends: "Due to the interest of justice this case will be closed no charges." [FAC Ex. D.]

1  request to be her "secret friend."  Officer Van Gorder watched at the
2  bus stop but did not see anyone who matched the description of "Tim."
3  Defendant Officer Herrera, a supervisor, approved Officer Van Gorder's
4  report.  [FAC pp. 14-15; report dated August 1, 2006 at FAC Ex. F.]
5       In a supplemental report dated August 30, 2006, Defendant Officer
6  Deveas stated that Defendant Officer Moss assigned him to the case on
7  August 4, 2006, and that on August 30, 2006, he attempted to call the
8  victim and her mother, but found that the phone had been disconnected.
9  He then called the cell phone of "Tim," and spoke with someone who
10 identified himself as Tim White, and gave his date of birth as
11 September 5, 1963.  Tim said that the girl had approached him and
12 later had family members call and threaten him, and refused to
13 cooperate otherwise.  Officer Deveas ran Tim's name and date of birth,
14 did not find a match, but did find a match for a Timothy Patrick White
15 born on September 5, 1980, whose description did not match that of the
16 suspect.  This report was approved by Defendant Moss.  In a second
17 supplemental report dated August 31, 2006, Officer Deveas stated that
18 a subject had called the day before, spoken with a dispatcher named
19 Sandra, identified himself as Timothy Whiting (date of birth September
20 5, 1963, with the cell phone number listed in Officer Van Gorder's
21 report), and tried to report that he was being harassed by someone
22 impersonating a police officer.  Officer Deveas noted that, at that
23 time, neither the girl nor her mother had contacted him, that the
24 suspect had identified himself, and that his information had been
25 confirmed.  This report was approved by Defendant Moss on September 1,
26 2006, and the case status was listed as closed.  [FAC pp. 14-15;
27 supplemental reports at FAC Exs. E, G.]
28      Plaintiff now alleges that he did not commit any of the actions

6

described in the 2006 reports, that is, that he did not commit any of the actions ascribed to "Tim" by the alleged victim, and that he never spoke to Officer Deveas, a dispatcher named Sandra, or anyone else from the Cathedral City Police Department about such a case, denying "any involvement whatsoever." Plaintiff asserts that the 2006 incident and the investigation into it never happened, and that the entire record of the 2006 investigation was fabricated later at an unknown date. He speculates that Defendants fabricated the 2006 record in retaliation for his filing of police misconduct complaints about his arrests beginning in August of 2008. Plaintiff contends that, because of the fabricated 2006 reports, he is under surveillance "24/7" by police from Cathedral City, Desert Hot Springs, Rancho Mirage, La Quinta, Indio, and Palm Springs. He further speculates that these actions fit into a pattern of behavior employed by Chief Henry and the Cathedral City Police Department against himself and other persons who have complained about the department. Plaintiff claims that Defendants' actions in fabricating the 2006 reports violated his rights under the federal and state constitutions and under state law. He seeks damages. [FAC generally.]

## **DEFECTS IN THE FIRST AMENDED COMPLAINT**

Plaintiff lays out his claims under fourteen "causes of action" ("COAs") as follow: (1) 42 U.S.C. § 1983, First Amendment Freedom of Speech -- Retaliation; (2) 42 U.S.C. § 1983, Due Process -- Fourteenth Amendment; (3) Cal. Civ. Code sections 44, 45, Defamation; (4) Abuse of Process; (5) Fraud and Deceit, Cal. Govt. Code section 822.2; (6) 42 U.S.C. § 1983, Supervisor Liability, Defendant Henry; (7) 42 U.S.C. § 1983, Supervisor Liability, Defendants Moss and Herrera; (8) 42 U.S.C. § 1983, Municipal Liability, Act of Final Policy Maker; (9) 42

U.S.C. § 1983, Municipal Liability, Adopted Custom; (10) 42 U.S.C. § 1983, Municipal Liability, Failure to Train; (11) 42 U.S.C. § 1983, Municipal Liability, Negligent Hiring; (12) 42 U.S.C. § 1983, Municipal Liability, Ratification; (13) Intentional Infliction of Emotional Distress; and (14) Negligence. [FAC generally.]

Plaintiff's federal law claims are all asserted under 42 U.S.C. § 1983. To state a civil rights claim under § 1983, a plaintiff must plead: (1) that a defendant acted under color of state law; and (2) that the defendant caused the plaintiff to be deprived of a right secured by the federal constitution or laws. Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997). The plaintiff must set forth factual allegations with sufficient particularity to give a defendant "fair notice of the type of claim being pursued." Ortez v. Washington County, 88 F.3d 804, 810 (9th Cir. 1996). Plaintiff alleges that Defendants acted under color of law, and claims that he was denied his federal constitutional rights under the First Amendment (COA 1) and the Fourteenth Amendment (COA 2). Plaintiff's claims of supervisor and municipal liability ("COAs" 6-12) do not actually state separate causes of action but fall, instead, under either his First Amendment claim or his Fourteenth Amendment claim.[2]

Plaintiff's First Amendment claim appears to be that, after he exercised his First Amendment rights by complaining about his August 2008 arrest, Defendants invented a 2006 incident that never happened and fabricated false reports about "child molestation" in order to intimidate Plaintiff and dissuade him from filing further complaints.

---

[2] Supervisor liability or municipal liability is not a separate claim for relief or cause of action, but a theory on why a supervisor or municipal defendant is liable on a claim or cause of action.

[FAC pp. 15-16.]  In order to support a First Amendment retaliation claim, a plaintiff must show that a defendant, by his actions, deterred or chilled a plaintiff's exercise of protected speech, and that such deterrence was a substantial or motivating factor in the defendant's conduct.  See, e.g., Lacey v. Maricopa County, 649 F.3d 1118, 1132 (9th Cir. 2011); Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999); Sloman v. Tadlock, 21 F.3d 1462, 1469 (9th Cir. 1994).

Here, Plaintiff's allegations do not support a plausible First Amendment retaliation claim.  First, the 2006 police reports do not indicate any investigation or prosecution for "child molestation"; instead, they indicate that the police received a report of "child annoying," made a minimal investigation, and then closed the case without bringing any charges or doing anything further.  Plaintiff does not allege that the police revealed the 2006 reports or used them against him at the time of the 2008 arrest or at any specific time thereafter.  On the contrary, he alleges that he never knew of nor suspected the existence of the 2006 reports until he asked for information in 2012, and that the police officer who found the 2006 report in 2012 offered to help in getting it sealed.

If, as Plaintiff speculates, the police completely fabricated the 2006 reports in 2008 in order to retaliate against Plaintiff for exercising his First Amendment rights and to chill further exercise of his rights, there is no possible explanation for their failure to reveal the existence of the 2006 reports.  How could the secret existence of the 2006 reports unknown to Plaintiff chill his exercise of his First Amendment rights in 2008 and later?  In any case, Plaintiff clearly pursued his claims of police misconduct, all the

9

while, according to him, completely unaware of the existence of any fabricated 2006 reports. Plaintiff's allegations fail to support or even coherently state a plausible First Amendment claim. Furthermore, Plaintiff offers no factual allegations showing any personal involvement by Police Chief Henry in the alleged fabrication, or that such a fabrication resulted from any municipal policy.

Plaintiff's Fourteenth Amendment claim is stated as follows:

> 64. The defendants intentionally and secretively fabricated and concocted false police reports, antedated on 7/25/2006, and a supplemental police report, antedated 8/30/2006, naming plaintiff as a suspect under <u>California Penal Code</u> 647.6 (annoying/molesting a minor) after plaintiff accused Cathedral City Police Department (CCPD) Officer Jose Nunez of police misconduct for racial profiling on August 07, 2008.
>
> 65. Plaintiff had no knowledge of the existence of this secret child molestation investigation later used as a means to initiate surveillance and probable cause to falsely arrest plaintiff on bogus trumped up charges on August 10, 2008 after Plaintiff accused another fellow officer of racial profiling. The Defendants also used the secret investigation as a "liability preventer" to further harass and intimidate plaintiff on November 22, 2008, and January 26, 2009.
>
> 66. The Defendants, unknowingly to plaintiff at the time, continued to use the alleged covert 2006 fabricated child molestation/annoyance police reports (which were actually created days after plaintiff accused a fellow

1    officer of racial profiling on August 08, 2008) against
2    plaintiff despite the fact they knew or should have known
3    that the Defendants fabricated the reports which would yield
4    false information.
5       67.  The Defendants' actions would not have occurred
6    but for plaintiff's protected speech of filing civil rights
7    police misconduct complaints.  As a result . . . of
8    Plaintiff exercising his right to petition, plaintiff has
9    been deprived of his Due Process rights, and due course of
10    justice was impeded in violation of the Fourteenth Amendment
11    of the Constitution of the United Statea and [42] U.S.C.
12    § 1983.
13 [FAC p. 17.]
14    Plaintiff's Fourteenth Amendment claim, as stated above, is
15 vague, conclusive, and legally incoherent.  The claim appears to
16 simply reiterate the First Amendment retaliation claim, and not to
17 state any separate Fourteenth Amendment due process claim.  Plaintiff
18 has not made any factual allegations to support a claim that he was
19 deprived of life, liberty, or property without due process of law in
20 violation of the Fourteenth Amendment.  Plaintiff's speculations about
21 what Defendants might have done with the allegedly fabricated police
22 reports are irrelevant to stating a claim under 42 U.S.C. § 1983.
23 Plaintiff was advised of these defects in the Memorandum and Order
24 dismissing his initial Complaint.  He has done nothing to correct
25 these defects.  On the contrary, his First Amended Complaint shows
26 that granting further leave to amend would be futile.
27    Finally, if Plaintiff's federal claims are dismissed, this court
28 should decline to exercise supplemental jurisdiction over his state

law claims but should dismiss them without prejudice. See, e.g., Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); United Mine Workers v. Gibbs, 383 U.S. 715, 726-27, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).[3]

Accordingly, Plaintiff's First Amended Complaint should be dismissed without further leave to amend,[4] and this action should be dismissed -- with prejudice as to Plaintiff's claims under 42 U.S.C. § 1983, and without prejudice as to his state law claims.

**RECOMMENDATIONS:**

Accordingly, the magistrate judge recommends that the court issue an order: (1) accepting this Report and Recommendation; (2) granting Defendants' motions to dismiss (docket no. 34, filed March 21, 2014); (3) dismissing the First Amended Complaint without leave to amend; and (4) dismissing this action, with prejudice as to Plaintiff's claims under 42 U.S.C. § 1983, and without prejudice as to his state law claims.

DATE: April 23, 2014

_/s/ Carla M. Woehrle_
CARLA M. WOEHRLE
United States Magistrate Judge

---

[3] If this court were to exercise supplemental jurisdiction over Plaintiff's state law claims, it would have to address Defendants' contentions as to other apparent defects in those claims. For example, Plaintiff's defamation claim, like his First Amendment retaliation claim, would appear to be undercut by his allegations that Defendants fabricated the 2006 record, then kept it secret.

[4] If Plaintiff can amend to state a § 1983 claim, he may explain how in objections to the Report and Recommendation.